State, to use of Bredell's Exec'r v. Baldwin.

————◄●�Θ●►————

THE STATE, TO USE OF BREDELL'S EXECUTOR, Plaintiff in Error,
v. BALDWIN *et al.*, Defendants in Error.

1. A surviving partner retained possession of the partnership effects and gave bond under sections 50 and 51 of the first article of the administration act of 1845 (R. C. 1845, p. 70); a settlement was made by him in the probate court and an order was made by said court apportioning to the estate of the deceased partner one-half of the balance found to be in the hands of such surviving partner. *Held*, in an action on the bond to recover a debt due to the deceased partner for money advanced by him to the firm, that this *settlement* was not conclusive as against his estate as to the amount due thereto from the surviving partner, or as to the amount of assets in the hands of the latter.

*Error to St. Louis Court of Common Pleas.*

Smith Baldwin and John C. Bredell were partners in trade. John C. Bredell died January 5th, 1853, leaving a will, which was duly admitted to probate, by which Edward Bredell was appointed his executor. Said Edward Bredell received letters testamentary, dated January 15, 1853. On the 6th of April, 1853, he gave bond as surviving partner under sections 59 and 51 of the first article of the administration act of 1845, (see R. C. 1845, p. 70,) and undertook the management of the partnership property. This action was brought for a breach of the condition of said bond by said Baldwin in not paying, out of the partnership effects which came into his hands as surviving partner, a debt due from the firm to said John C. Bredell, deceased.

The cause was tried by the court without a jury. Evidence was introduced tending to prove substantially the following facts : Baldwin, as surviving partner, took into his possession and under his management property of the said firm to the amount of $4,081.11 ; that of said property there remained in his hands, after deducting disbursements, on the 22d of March, 1856, the sum of $3,566.16. On that day Baldwin appeared in the probate court and exhibited his account for the final settlement of the concerns of the partnership. The following is an entry of that date in the records of said court: " Smith Baldwin, surviving partner of the firm of Bredell & Baldwin, appears and exhibits his account for the final settlement of the concerns of said co-partnership ; whereupon the court examines and finds that at his last settlement with the court there was a balance against him in favor of said estate of $3,759.91 ; that no assets since came to his hands, and he is entitled to credits in the sum of $193.75, leaving a balance in his hands in favor of said co-partnership of $3,566.16 ; and the court apportions said balance as follows: To Smith Baldwin, $1,783.08 ; and the court sets aside the order of payment made on the fifteenth of this month, and apportions to the estate of John C. Bre-

dell, deceased, $1,783.08, and orders that he pay the same without delay to the executor of said deceased, and on the production of his receipt therefor he will be finally discharged."

The evidence also showed that at the death of Bredell the firm of Bredell & Baldwin was indebted to him in the sum of $8,297.44 for moneys advanced to said partnership in the course of its prosecution of its business, before the death of said Bredell, over and above the capital he was required to put into partnership. This sum was reduced after the death of Bredell to the sum of $5,524.50. Baldwin did not, in any account rendered by him as surviving partner, include said debt of said firm to Bredell, nor did he apply any part of the property of said copartnership that came into his hands to the payment of said debt. Said debt still remains due and unpaid. After the commencement of this suit the defendant tendered to plaintiff the one-half of the said balance of $3,566.16, which plaintiff refused to receive.

The court ruled that the above "order of the probate court of St. Louis county was final and conclusive upon the said Edward Bredell, as executor of the said John C. Bredell, as to the proportion to which he was entitled as such executor of the balance of $3,566.16 in the hands of said Smith Baldwin as surviving partner of the firm of Bredell & Baldwin, and that the plaintiff could recover in this action only the amount ordered by the probate court to be paid to the said executor, with interest."

The plaintiff thereupon suffered a nonsuit with leave to move to set the same aside.

*Drake*, for plaintiff in error.

I. The court misconceived the nature of this action. The plaintiff did not sue to recover a distributive share of the partnership effects after the payment of partnership debts. He seeks the payment of a debt which the surviving partner was by the terms of his bond bound to pay. The executor was entitled to the payment of the debt of the firm. He had

a specific lien on the partnership effects. (Coll. on Part. § 125 ; Sto. on Part. § 97.)

II. The order of the probate court is no defence. The executor was in no way a party to the order of the court. (1 Greenl. Ev. § 523.) The probate court had no jurisdiction to make an order of distribution between the surviving partner and the executor of the deceased partner. Its action in that respect was wholly extra-judicial and void. The act of 1845 does not authorize the probate court to exercise authority over the surviving partner, except to cite him to account and to adjudicate upon his account. This does not include a power to order distribution between the surviving and the executor of a deceased partner.

*H. N. Hart,* for defendant in error.

RICHARDSON, Judge, delivered the opinion of the court.

This suit was not brought to recover the distributive share coming to the estate of the deceased partner on a final settlement of accounts after the payment of all partnership liabilities, but it is to recover a debt alleged to be due to the estate of the deceased partner by the late firm of which he was a member, on the ground that the surviving partner has partnership assets in his hands subject to be appropriated to the payment of the debt. One partner may be the creditor of a firm of which he is a member, and has a right to require payment out of the partnership assets like other creditors before they are divided and before either of the partners can claim any right thereto. Until all the partnership debts are paid neither partner has a right to withdraw any thing on account of capital or profits, but all that remains, after the payment of the claims of other creditors, will be charged in equity with a lien for the payment of any debt due to either of the partners. One of the conditions of the bond required to be executed by a surviving partner who undertakes to wind up the partnership affairs is, that he will apply the assets to the payment of the partnership debts ; and no reason

is perceived why the personal representative of a deceased partner, who is a firm creditor and whose debt is properly ascertained, may not sue upon the bond for a breach of this condition.

The settlement which the defendant made with the probate court was *ex parte;* no notice was given as required as in case of administrators; and as the court had no means of knowing, except from the defendant's statement, that all the debts had been paid, it would be unjust to give to such a settlement the effect of silencing every unpaid creditor. In ordinary cases of administration the creditors are required to prove their demands before the court, and all claims are barred which are not presented within three years, so that when an administrator, after giving notice of his intention to make a final settlement, appears for that purpose, the record would show every creditor of the estate, and the court has the means of knowing, before making an order of distribution, that all the debts have been paid. But not so in a case like this, for the law does not require partnership demands to be allowed by the court; the surviving partner is not required to give notice of his intention to make a settlement, and the court has no means of knowing by proof or otherwise that all the debts have been paid.

The instruction therefore which the court gave that the settlement made by the defendant was final and conclusive upon the executor of the deceased partner, we think, was erroneous, and for that reason the judgment will be reversed and the cause remanded. The other judges concur.