MARCH TERM, 1862.                    561

St. L. Buil. & Sav. Ass. v. La Barge.—State, &c., Bredell's Ex'r, v. Baldwin.

—————

The State, to use of Executor of John C. Bredell, Re-
    spondent, v. Smith Baldwin *et al.*, Appellants.

1. A settlement made by a surviving partner, under the provisions of the first
   article of the administration act of 1845, (R. C. 1845, p. 70,) is evidence in
   favor of the representative of the deceased partner against the survivor as
   an admission.   (State, to use of Bredell v. Baldwin, 27 Mo. 103, affirmed.)
2. The record of a suit brought by the surviving partner against the repre-
   sentative of a deceased partner for a settlement of the accounts of a partner-
   ship, and the judgment of the court therein, is conclusive between the par-
   ties upon the matter decided.
3. It was not error to refuse to declare that such judgment and record was no
   evidence as against the securities of the surviving partner who had given
   bond under the statute (R. C. 1845, p. 70) for the faithful application of the
   assets of the firm.

*Appeal from St. Louis Court of Common Pleas.*

Smith Baldwin and John C. Bredell were partners in busi-
ness.   John C. Bredell died January 5th, 1853, leaving a
will which was duly proved, and of which Edward Bredell,
the relator, was executor, who took letters testamentary on
the 15th of January.   Smith Baldwin, the surviving partner,

on the 6th of April, 1853, gave bond as surviving partner, under the law of 1845, (see p. 70, R. C. 1845,) and undertook the management of the partnership property. The bond is to the State, in the penalty of thirty thousand dollars, and has the following condition, viz:

" The condition of the above bond is, that if Smith Baldwin, surviving partner of the late firm of Bredell & Baldwin, which was composed of John C. Bredell and Smith Baldwin, shall use due diligence and fidelity in closing the affairs of the late co-partnership, apply the property thereof towards the payment of the partnership debts, render an account, upon oath, to the probate court for the county of St. Louis, whenever by it thereunto required, of all the partnership affairs, including the property owned by the late firm and the debts due thereto, as well as what may have been paid by the survivor towards the partnership debts, and what may still be due and owing therefor, and pay over, within two years, unless longer time be allowed by the said probate court, to Edward Bredell, executor of said John C. Bredell, deceased, the excess, if any there be beyond satisfying the partnership debts, then the above bond to be void, otherwise to remain in full force." Signed and sealed by Baldwin and the other defendants, his securities.

This suit was brought against Baldwin and his securities on the bond to recover damages for the failure of Baldwin to pay out of the partnership assets that came to his hands a debt alleged to be due from the firm to John C. Bredell, amounting to five thousand five hundred and twenty-four dollars and fifty cents. The breach assigned was the non-payment of this debt out of the partnership effects.

The answer of the defendants denies the alleged indebtedness of the firm of Bredell & Baldwin to John C. Bredell; also, denied any knowledge or information sufficient to enable the defendants to form a belief as to whether assets of the concern came to the hands of the survivor, as charged in the petition. In this state of the record the parties went to trial before a jury. To prove assets received, the plaintiff

read in evidence the final settlement of Smith Baldwin, as such survivor, made with the St. Louis probate court, and the order approving said settlement, from which it appeared that there then remained in the hands of said Baldwin of the assets of the firm the sum of three thousand five hundred and sixty-six dollars and sixteen cents, which the said probate court then and there ·(without notice to the executor of Bredell) ordered to be distributed as follows: One half thereof to Edward Bredell, executor of said John C. Bredell, and the remaining half to him, the said Smith Baldwin. To prove the alleged indebtedness of the firm to John C. Bredell, the plaintiff offered in evidence the record of a suit in the St. Louis court of common pleas, brought and prosecuted by said Smith Baldwin, as surviving partner of the firm of Bredell & Baldwin against said Edward Bredell, the relator, as defendant, in which, among other relief asked, the plaintiff prayed " that the court will ascertain and adjudge the true state of the account between the partners of said firm," and in which also Edward Bredell answered, and in which the whole matter in controversy between the parties was referred to a referee, who, among other things, reported that said firm was indebted to said John C. Bredell at the time of his death for money by him advanced to the concern in the sum of five thousand two hundred and twenty-four dollars and fifty cents. The report was confirmed, and a judgment rendered accordingly. To the introduction of this record the defendants objected, but their objection was overruled, and the record was read and they excepted.

The defendants then asked the two following instructions, both of which were refused, and the defendants took their exceptions, to wit:

1. The record of the final settlement of Smith Baldwin, as the surviving partner of Bredell & Baldwin, read in evidence by the plaintiff, is conclusive that the amount therein ordered to be paid by Smith Baldwin to the executor of John C. Bredell, is the just and true amount due to said Bredell's estate,

and which the defendants, under the bond sued upon, were alone liable thereupon, and so the jury ought to find.

2. The record and the report of the referee in the case of Smith Baldwin (as surviving partner of Bredell & Baldwin) v. Edward Bredell, read in evidence by the plaintiff, is no evidence before the jury of any indebtedness of Bredell & Baldwin to John C. Bredell, or Edward Bredell, as executor of John C. Bredell, deceased, so as to bind the defendants in this suit, and so the jury ought to find.

The jury rendered a verdict for plaintiff for four thousand one hundred and one dollars. Defendants moved for a new trial, on the usual grounds, which was overruled, and they excepted and appealed to this court.

*Hart* and *McGibbon*, for appellants.

I. The settlement and order of payment of the probate court are conclusive, as *res adjudicata*. It is a judgment to be reviewed by a direct proceeding for that purpose, or to be set aside for fraud.

II. The securities are not to be affected by the proceedings in the suit of Baldwin v. Bredell's executor for an account; as to them it was *res inter alios acta*. A judgment is not evidence to prove a debt against a surety, though it is evidence to prove the *rem ipsam*. (Sturges v. Beach, 1 Coms. 507; McKellar v. Boswell, 4 Hawks. 34; Mecklenburg Co. v. Clark, 4 Hawks. 43; Copp v. McDougall, 9 Mass. 1; Respublia v. Davis, 3 Yates, 128; Beurnell v. West, 2 N. H., 190; Fitzhugh v. Crogan, 2 J. J. Marsh, 429, 440; Boker v. Bell, 3 Bibb, 174; Devon v. Johnson, 3 Bibb, 409; Cox v. Strade, 4 Bibb, 4; Galter v. Brooks, 1 Marsh, 409; Barr v. Graty, 4 Wheat. 213, 7 Mon. 206; Aberdeen v. Blackburn, 6 Hill, 324; Kip v. Brighton, 7 J. R. 168; 17 J. R. 142; 9 Cow. 154; Payrus v. Cowles, 1 Munf. 373; 3 J. R. 8; 14 J. R. 79; 4 Mass. 444; 1 S. & R. 175; 1 Wash. 186; 3 Conn. 516.)

State, to use of Ex'r of Bredell, v. Baldwin.

*C. D. Drake*, for respondent.

I. The point made by defendants' first instruction was decided at the former hearing of this case in 27 Mo. 103.

II. The second instruction was properly refused. 1. The record was evidence as against Baldwin himself, and conclusive upon him. (Maguire v. McCaffray, 24 Mo. 552.) 2. It was competent evidence as against the securities. Their liability rested upon the failure of Baldwin, from the assets in his hands, to pay the debt of the firm to the representative of the deceased partner. Any legal evidence to establish that debt was competent. (Drummond v. Prestman, 12 Wheat. 515 ; Eddy v. Baldwin, 23 Mo. 588 ; State v. Holt, 27 Mo. 340.)

DRYDEN, Judge, delivered the opinion of the court.

The error complained of is the refusal of the common pleas to instruct the jury as asked by appellants. This case was here at the March term, 1858, (see 27 Mo. 103,) when it was decided, properly, as we think, that the final settlement of Baldwin, and the order of distribution made by the probate court, did not conclude the plaintiff, as the common pleas was by the first instructions asked to declare. The settlement was competent evidence against Baldwin, as an admission by him of assets in his hands. (1 Green Ev., p. 657, § 527 A.) For this purpose alone it was introduced, and for this it was sufficient and proper. As to the order of distribution, coupled with the order receiving and approving the final settlement, it can not legally have the force against the plaintiff which we are asked to give it, because it was made *ex parte*, in the absence of the plaintiff and without any sort of notice. He is, therefore, in nowise bound by it.

- We are likewise of the opinion the common pleas committed no error in refusing the second instruction. This instruction asks the court to say the record, in the case of Baldwin, survivor, v. Bredell, is no evidence of the indebtedness of Bredell & Baldwin. Upon what principle Baldwin can

claim this record is no evidence against him of the indebtedness of the firm, we are at a loss to see. When we look into the record, we find it a suit in a court of competent jurisdiction between the same parties as here, (so far as he is concerned,) in which the same matter precisely is in issue as here, viz., the indebtment of the firm to John C. Bredell, and in which the matter in issue is finally passed upon and determined by the referee and the court. Upon well settled principles, the record was not only evidence against Baldwin of the indebtedness of the firm to the deceased partner, but was conclusive upon the point. (1 Starkie's Ev. 318.)

We do not feel that we are called upon to determine what force this record has as evidence against the other defendants, the securities of Baldwin; yet we apprehend that, upon an examination of the authorities, it will be found the instruction demanded too much in asking the court to say the record was no evidence, even as against the securities. However this may be, the instruction was properly overruled.

The other judges concurring, let the judgment be affirmed.