THE STATE ex rel. STEPHEN C. WOODSON v. HARRIS ROBINSON, Judge of Circuit Court, and FRANCIS E. PARKER.

In Banc, February 26, 1917.

1. **ELECTION CONTEST:** Jurisdiction: Waiver. Jurisdiction of the subject-matter cannot be waived; and the circuit court does not obtain jurisdiction of an election contest unless notice is served upon contestee within the time prescribed by the statute. The contestee does not waive notice or confer jurisdiction on the court

to try the contest, by duly and specifically challenging the jurisdiction and power of the court to proceed with the contest under an alleged notice, or by thereafter filing a counter notice of a contest of his own after the time for serving notice on him has expired.

2. ———: ———: **Service of Notice: Must be by Officer.** Notice in an election contest operates in the nature of a petition and writ in an ordinary civil action, and can be served only by the officer of the court wherein the .contest is instituted. It cannot be served, any more than can a summons in an ordinary civil action, by some private person or by contestant himself. The circuit court does not obtain jurisdiction to try an election contest upon a notice served by a private person.

3. ———: **Interlocutory Notices: Service by Private Person.** Section 1791, Revised Statutes 1909, declaring that "service of any notice required by this chapter may be made by any sheriff, marshal or constable, or by any person who would be a competent witness," does not refer to the notice or summons which brings a party into court for the purpose of forcing him to submit to a trial, such as a defendant in an ordinary civil action or a contestee in an election contest, but refers only to interlocutory notices,ˈ that is, notices required to be given in the progress of a cause.

4. ———: ———: **Posting Notice in Clerk's Office.** The failure of a private person to find contestee in an election contest will not suffice as a basis for a substituted service until the effort to get personal service has failed, and that effort must be made by an officer of the court, and cannot be made by a private person; and a posting of the notice in the office of the circuit clerk, after unavailing efforts by a private person to obtain personal service, does not bring contestee into court, and gives the court no jurisdiction to try the case.

## Prohibition.

WRIT ISSUED.

*H. S. Julian, E. H. Wright, T. A. J. Mastin, A. L. Cooper* and *J. G. L. Harvey* for relator.

(1) The requirements of the statute as to notice are jurisdictional and must be complied with. Election contest proceedings are everywhere regarded and treated as special statutory proceedings. State ex rel. v. Hough, 193 Mo. 643. They are not civil suits. Castello v. Court, 28 Mo. 277; State ex rel. v. Spencer, 166 Mo. 279; State ex rel. v. Hough, 193 Mo. 643. The courts

inherently possess no jurisdiction of election contests and where the statutes confer such jurisdiction upon the courts, they possess jurisdiction only as defined and limited by statute. Said jurisdiction is not general, but is special and restricted. 15 Cyc. 394. Accordingly it is uniformly held that in election contests statutory provisions in relation to time of notice are mandatory requirements, compliance with which is essential to the court's jurisdiction, and that if notice has not been given as required by statute the court has no jurisdiction, and must dismiss the proceedings. Castello v. Court, 28 Mo. 259; Wilson v. Lucas, 43 Mo. 290; Bowen v. Hixon, 45 Mo. 340; Higbee v. Ellison, 92 Mo. 13; Montgomery v. Dormer, 181 Mo. 5; 7 Ency. Pl. & Pr., 390; 15 Cyc. 400. (2) The statutory requirement that the notice be served within a prescribed time is not in the nature of a statute of limitations, for the reason that the requirement does not affect merely the remedy, that is to say the manner of enforcing a legal right, but the requirement is a part of the right itself which the statute creates and makes conditional, the condition being that the notice be served within the specified time. And, therefore, the right does not exist unless the condition is performed. A mere limitation is a defense to be taken advantage of, or not, as the defendant may please, but where a statute creates a new right and makes the right depend upon the performance of a condition, performance of the condition is the basis of the right and a plaintiff, who asserts the right, must both allege and prove performance of the condition. Barker v. Railroad, 91 Mo. 86; McIntosh v. Railroad, 103 Mo. 131; Matthieson v. Railroad, 219 Mo. 549; Chandler v. Railroad, 251 Mo. 600. (3) A notice of contest, therefore, must show on its face when the official count of votes was completed in order that it may appear whether service of the notice was made within the statutory period. Crisler v. Morrison, 57 Miss. 791. (4) The attempted service of process was void and of no effect, for the reason that the party attempting to make service was not an officer and there is no authority in law for

anyone who is not an officer to serve original process. Ross v. Fuller, 12 Vt. 265. Where you have constructive or substituted service the statute must be strictly and accurately followed. The contestant alone was empowered to post up the notice. The statute does not allow or permit it to be done by an agent, servant or by an attorney. Sec. 5924, R. S. 1909; Myers v. McRay, 114 Mo. 382; Quigley v. Bank, 80 Mo. 289; Charles v. Morrow, 99 Mo. 638; Bank v. Suman, 79 Mo. 531; Steward v. Stringer, 41 Mo. 400. Where the statute specifically prescribes the character and manner of service, it is strictly construed. Hyde v. Goldsby, 25 Mo. 34; Charless v. Mornig, 1 Mo. 537; Bland v. Jameson, 3 Mo. 52; Smith v. Rawlins, 25 Mo. 408; St. Louis v. Goebel, 32 Mo. 259; Huett v. Weatherby, 57 Mo. 376. (5) The notice of contest should be quashed because it fails to specify the grounds upon which contestant intends to rely, and though it attacks the qualifications of many voters it fails to state any of their names and the objections to them. It has been held that the statute relating to contested elections is a code unto itself, and that the code of civil procedure does not apply. State ex rel. v. Spencer, 166 Mo. 279; State ex rel. v. Hough, 193 Mo. 615. (6) Contestee neither did nor could waive these jurisdictional objections by filing his counter notice of contest. Keller v. Chapman, 34 Cal. 640; State ex rel. v. Spencer, 166 Mo. 286.

*J. M. Johnson, Park & Brown, George A. Neal* and *Clinton A. Welsh* for respondents.

(1) The circuit court of Jackson County has jurisdiction of the subject-matter of an election contest for the office of judge of the county court of Jackson County. Sec. 5924, R. S. 1909; State ex rel. v. Hough, 193 Mo. 651. (2) Notice of contest was given by respondent Parker within twenty days after the votes had been officially counted. Secs. 5924, 6150, R. S. 1909; Bowen v. Hixon, 45 Mo. 340; 3 Cyc. 408; Barnes v. Gottschalk, 3 Mo. App. 120. (3) The notice of contest designated and specified the proper term of court. Secs. 5924,

5928, R. S. 1909; State ex rel. v. Evans, 184 Mo. 632; State ex rel., v. Hough, 193 Mo. 647. (4) By filing motions in the nature of a demurrer and especially by filing counter notice of contest and cross charges in the nature of an answer and cross petition, petitioner waived any insufficiency of the notice in point of time or manner of service to give the court jurisdiction over his person. In re Ford, 157 Mo. App. 156; Thomasson v. Insurance Co., 217 Mo. 485; State ex rel. v. Oliver, 163 Mo. 679; 3 Cyc. 504; Bankers Life Assn. v. Shelton, 94 Mo. App. 634; 1 Corpus Juris, 37, 42; State v. Rombauer, 140 Mo. 121; Rippstein v. Insurance Co., 57 Mo. 86; Bank v. Griffith, 192 Mo. App. 452; State ex rel. v. Spencer, 164 Mo. 48; State ex rel. v. McElhinney, 199 Mo. 67. (5) The notice of contest states good and sufficient grounds for contest under the statutes and decisions of this court. Moffatt v. Montgomery, 68 Mo. 162; Gumm v. Hubbard, 97 Mo. 311; Sone v. Williams, 130 Mo. 530; State ex rel. v. Evans, 184 Mo. 632.

GRAVES, C. J.—This is an original action in prohibition. At the November election, 1916, the relator, Stephen C. Woodson, and the respondent, Francis E. Parker, were opposing candidates for the office of county judge of the western district of Jackson County, Missouri. This district was co-extensive with the municipality of Kansas City, Missouri, and therefore the Board of Election Commissioners of said city had full control of the returns from such election for said office. In the brief it is stated that Woodson received some 3000 more votes that his opponent Parker, but for the question involved herein this is not a material fact. It would only bear upon the good faith of the contest, a matter urged, but which we deem immaterial. Respondent's brief denies a majority so large, and avers such majority to be 700. Suffice it to say that Woodson got the certificate of election, and Parker has attempted to contest his election. The respondent Judge Robinson had fully indicated his purpose of proceeding with the contest case, when relator Woodson applied here for our

writ of prohibition. In due course our preliminary rule in prohibition was granted and to this rule return was duly made by respondent. Later we permitted an amendment, and this was met by subsequent return. The facts stated in the return were met by proper reply, and counsel for both parties, with commendable promptness, have agreed upon the exact facts of the case. The stipulated facts are:

"It is hereby stipulated and agreed by and between petitioner and respondents in the above entitled cause, through their respective attorneys, that the following may be taken and considered by this court as a statement of facts in this controversy:

"This is a contest over the office of Judge of the County Court of Jackson County, Missouri, for the western district of said county. The boundaries of said district within which candidates for said office are voted for are co-extensive with the corporate limits of the city of Kansas City, Missouri. Petitioner Woodson was the Democratic candidate and respondent Parker the Republican candidate for said office at the general election held on November 7, 1916.

"The judges and clerks of election for each precinct in the various wards within said city counted the votes cast at said election on November 7, 1916, at the close of the polls and filled out a sheet known as the 'Tally Sheet,' which sheet showed the total votes counted by said judges and clerks for each candidate in the respective precincts of the various wards in said city. This tally sheet and other records were delivered to the election commissioners by said judges and clerks on November 7th and 8th, 1916. The Board of Election Commissioners of said city, pursuant to the provisions of section 6149, Revised Statutes 1909, began to make their canvass of said returns. First, they took the tally sheets as returned to them by said judges and clerks and called the totals as shown on said tally sheets to clerks in the office. The said clerks were furnished with large sheets of paper containing in proper columns the names of each person running for office and a column for the

votes of each candidate for each precinct in said city.
When the totals of the precincts were called from the
tally sheets, the clerks placed the number so .called in
the proper column until all the precincts of a ward were
recorded. Then the totals of the precincts so recorded
were footed up, showing the total of each candidate for
the entire ward. The total votes of the wards were
footed up as above, and marked down in pencil on Satur-
day morning, November 11, 1916. On Saturday, No-
vember 11, 1916, the election commissioners opened the
envelopes containing the absentee votes persuant to Ses-
sion Laws of 1913, page 323, and added the absentee
votes of each precinct to the total vote of the precinct
as copied from the tally sheet as above. Then the grand
total of votes counted for each candidate in each ward
was ascertained by adding the total of the precincts as
shown by the tally sheet to the absentee vote. The grand
total of the votes for each ward was so named and enter-
ed of record in lead pencil on November 12, 1916. On Mon
day, November 13, 1916, the total of the votes of the
candidates by wards which had theretofore been entered
in pencil were changed in red ink by said clerks. On
said Monday, November 13, 1916, the work of recapitu·
lating the votes and arriving at the grand total of votes
cast for the different candidates in the entire city of
Kansas City was begun, and said totals were completed
and the grand total of votes for each candidate in the
entire city arrived at on Tuesday, November 14, 1916.
On said 14th day of November, 1916, the Board of Elec-
tion Commissioners executed and entered of record a
certificate in the following words:

     " 'Office of Board of Election Commissioners of Kan-
sas City, Missouri.

     " 'To the County Court of Jackson County, Mis-
souri.

     " 'We hereby certify that the Board of Election
Commissioners of Kansas City, Missouri, has canvassed
the returns of the general election held within the
boundaries of Kansas City, Missouri, on the 7th day
of November, 1916, and do now certify that the above

and foregoing is a full, true, competent and correct statement of all the votes cast at said election in the various precincts and wards of said city for the various candidates above set forth and specified.

"'IN TESTIMONY WHEREOF the Board of Election Commissioners of Kansas City, Missouri, has caused this certificate to be signed by its chairman and secretary respectively, and the seal of its office to be hereunto affixed this 14th day of November, A. D. 1916.

"'RUSH C. LAKE,          SAM SPARROW,
    Secretary                 Chairman (Seal),
        Board of Election    JOHN P. MULLANE,
            Commissioners.   B. W. WELCH.'

"On November 15, 1916, said Board of Election Commissioners caused all of said sheets and records to be delivered to the County Clerk of Jackson County, Missouri, and thereafter the Clerk of the County Court of Jackson County issued petitioner Woodson a certificate of election as required by the statutes of Missouri.

"On December 4, 1916, respondent Parker served notice of contest upon petitioner Woodson, which notice is attached to and made a part of the petition for writ of prohibition.

"On December 23, 1916, petitioner Woodson served upon respondent Parker a counter notice of contest, which said counter notice is attached to and made a part of return of respondents.

"This agreed statement of facts is made and entered into subject to all objections by either party as to the relevancy of said facts, and it is agreed that by making this agreed statement of facts neither party waives any point made by him in his petition or return."

Later a supplemental stipulation covering one point was made thus:

*"Supplemental Stipulation.*

"It is further stipulated and agreed by and between the petitioner and respondent by their attorneys, that the following returns were made upon the notice of contest herein served upon Petitioner Woodson.

" 'State of Missouri, County of Jackson, ss.

" 'Jno. J. Kinney, of lawful age, being first duly sworn upon his oath, states upon this 4th day of December, 1916, he received the attached notice of contest and that for the purpose and with intent of serving the same in accordance with the provisions of law, he made careful and diligent search for the within named Stephen C. Woodson by visiting the county court house at Kansas City, Missouri, the court house at Independence, Missouri, 3651 Campbell Street, Kansas City, Jackson County, Missouri, same being the usual place of abode of Stephen C. Woodson, in Jackson County, Missouri, and also made careful and diligent search for said Stephen C. Woodson in all other places where he might usually be found in Kansas City, Jackson County, Missouri; that he visited the residence at 3651 Campbell Street, Kansas City, Jackson County, Missouri, same being the usual place of abode of said Stephen C. Woodson, and made careful and diligent search and inquiry for some member of the family of said Stephen C. Woodson over the age of fifteen years; that although such careful and diligent search and inquiry was made by affiant, neither the said Stephen C. Woodson nor any member of his family over the age of fifteen years could be found in Jackson County on said 4th day of December, 1916; that thereupon he posted the attached notice of contest in the office of the Clerk of the Circuit Court of Jackson County, Missouri, this 4th day of December, 1916.

" 'JOHN J. KINNEY.

" 'Subscribed and sworn to before me this 4th day of December, 1916.

" 'FLORENCE WILLIAMS,

" 'Notary Public within and for Jackson County, Missouri.

" 'My Commission expires November 18, 1920.

" 'State of Missouri, County of Jackson, ss.

" 'W. L. Dannahower, of lawful age, being first duly sworn, upon his oath states that he served the attached notice of contest by delivering a copy thereof to

the therein named Stephen C. Woodson, contestee, on December 5, 1916, at about 8:30 o'clock P. M., at 3651 Campbell Street in Kansas City, Jackson County, Missouri.

" 'W. L. DANNAHOWER.

" 'Subscribed and sworn to before me this 11th day of December, 1916.

" 'J. M. O'BLINIS,

" 'Notary Public in and for Jackson County, Missouri.

" 'My commission expires August 21, 1920.'

"This supplemental stipulation is made with the understanding that the same is subject to objection by either party as to the competency or relevancy of the facts stated herein."

By motion to quash the notice of contest, relator Woodson challenged the jurisdiction of the court to try the case. This motion was overruled, and as indicated above the respondent Robinson was proceeding with the case, when stopped by our preliminary rule.

The points made are that the notice of contest was not given in time, and that no valid service of the alleged notice has been had upon relator and therefore the court was without jurisdiction. Respondent denies this, and in addition urges a waiver of jurisdiction. Under the agreed facts the whole question becomes one of law, rather than of fact. Further details as to pleadings and facts can best be noted in connection with the points made. This outlines the case.

I. We are confronted at the outset with the question of jurisdiction of a court in a contest case, and the further question as to whether or not such jurisdiction can be waived. In this case the relator Woodson, Waiver. after duly and specially challenging the jurisdiction and power of respondent Robinson to proceed with such contest under the alleged notice, did file a counter notice of contest, and this with the motions theretofore filed, are urged as a waiver of jurisdiction. In other words, it is contended that the circuit court,

over which respondent Robinson presided, had jurisdiction of the subject-matter, and this filing of the counter notice thus completed the jurisdiction.

The error in this position lies in the fact, that if the notice by contestant was not given in time or was not validly served the court never acquired any jurisdiction of the subject-matter, and jurisdiction of this kind cannot be waived.

It requires no citation of authorities that jurisdiction of the subject-matter is not waived by any act of the party. He can waive jurisdiction of the person, but not of the subject-matter. If the notice was not legally served in time to give the court jurisdiction of the particular case, no act of the party defendant gives such court jurisdiction. Contested election proceedings are special statutory proceedings, and the court is without jurisdiction until it is made to appear that the requisite notice was legally served within the requisite time. In 15 Cyc. 399 et seq., the rule, which is drawn largely from Missouri cases, is thus stated:

"The intention of the contested election laws is to furnish a summary remedy and to secure a speedy trial, that the title to the office in dispute may be determined before the official term expires in whole or in large part, and that the will of the people may not be defeated in the choice of their officers. Consequently the statutes generally provide that any one desiring to contest an election must file a notice and statement of the grounds of contest within a certain number of days after the election, or the official declaration of the result. These statutes are mandatory and a strict compliance with them is jurisdictional. The notice and statement required to be served by the contestant on the contestee constitute the predicate upon which the power of the court is set in motion, and unless served within the time required by the statute the court has no jurisdiction to hear and determine the contest."

This has been the Missouri rule since the early case of Castello v. St. Louis Circuit Court, 28 Mo. 259. Other

Missouri cases are Wilson v. Lucas, 43 Mo. 290; Bowen v. Hixon, 45 Mo. 340; Higbee v. Ellison, 92 Mo. 13.

It is sufficient to say that the learned author in 15 Cyc., supra, practically uses the language of this court in the formation of the rule which we have quoted. If the respondent in this case never acquired jurisdiction of the subject-matter, as he would not, if notice has not been legally served within time, there is nothing in the point of waiver.

II. Another preliminary question of vital importance is the question as to who shall serve notice of contest. From the record the notice in this case does not appear to have been served by an officer of the court. The question is, can a contestant in person, or through some other private person, serve such notice and make proof of service by affidavit, as was done in this case. The law, section 5924, Revised Statutes 1909, provides: "but no election of any such school director, of any county, municipal or township officer, shall be contested unless notice of such contest be given to the opposite party within twenty days after the votes shall have been officially counted."

The statute uses the term, "notice," but some light is thrown on the character of this document, by a further provision of the same section of the statute. Such provision reads:

"The notice shall specify the grounds upon which the contestant intends to rely, and if any objection be made to the qualifications of any voter, the names of such voters and the objections shall be stated therein, and the notice shall be served fifteen days before the terms of court at which the election shall be contested, by delivering a copy thereof to the contestee, or by leaving such copy at his usual place of abode, with some member of his family over the age of fifteen years; or, if neither such contestee nor his family can be found in the country, and service cannot therefore be had as aforesaid, it shall be a sufficient service of such notice for the contestant to post up a copy thereof in the office

of the clerk of the court wherein the contest is to be heard.''

From this it appears that this notice takes the place of a petition in an ordinary law suit. The statutory contents so indicate. But we are not without authority on the question. In a splendidly written opinion in the case of Hale v. Stimson, 198 Mo. l. c. 145, LAMM, J., said:

"Under our method of contesting elections, the notice of contest takes the place of a petition in an ordinary suit, and *the service of this notice upon contestee fills the office of a summons.* . . . [State ex rel. Wells v. Hough, 193 Mo. 615.] The notice of contest therefore, must be judged of by the rules pertaining to the sufficiency of a petition, and, hence, must state a cause of action to give the court jurisdiction, or in order that a recount of votes may be legally made." The italics are ours.

This Hale-Stimson case was one thoroughly threshed out in this court. It came to Court in Banc on an opinion adverse to the one now printed in the books. We only mention this to show the consideration that the case had before the present opinion was made the united voice of the Court in Banc. Those of us now remaining from that date to this (and there is but one) can well recall the circumstances. The desire and purpose was to fix principles in these cases. One of the things we did settle was, that the notice in contested election cases served as and for the petition, and the service of this notice served as and for the summons in such cases. We had held in previous cases that the notice if served in time to confer jurisdiction, could be amended just as a petition could be amended. [State ex rel. v. Smith, 104 Mo. l. c. 667; Nash v. Craig, 134 Mo. l. c. 353, 354.] In the Craig case it was said:

"While the statutes expressly provide that no formal pleading shall be required in cases of contested elections, yet it has been held that 'this notice is the initiatory step in the *contest and operates in the nature of a petition and writ in an ordinary civil action.*' [State ex

rel v. Smith, 104 Mo. l. c. 667.] Again it is said: 'The notices, on the one side and the other, constitute the only pleadings.' [Gumm v. Hubbard, 97 Mo. 318.]" Again the italics are ours.

It is clear from our rulings that the service of this notice and the notice itself, are something more than the ordinary. It is the thing which brings the opposite party into a court of justice. We do not believe that the statute contemplates the service of such a notice other than by an officer of the law. It should be added that the very service which is required to be made is the service which the statute requires an officer to make upon a petition and summons. Note the language of the statute as to how service shall be made: "by delivering a copy thereof to the contestee, or by leaving such copy at his usual place of abode, with some member of his family over the age of fifteen years." The identical language for the service of a summons. But this may not enlighten us much because we have statutory provision for the service of notice in like manner, Revised Statutes 1909, section 1788.

We are cited to this section and section 1791, as authority for private persons serving the notice in this case. The two sections read:

"Sec. 1788. Notices shall be in writing, and shall be served on the party, or his attorney, in the manner prescribed in 'this article, unless otherwise provided by law. The service may be made by delivering to the party, or his attorney, a copy of such notice, or by leaving a copy at the usual place of abode of the party, or his attorney, with some person over the age of fifteen years, or with the clerk of the party or his attorney."

"Sec. 1791. The service of any notice required by this chapter may be made by any sheriff, marshal or constable, or by any person who would be a competent witness, who shall make affidavit to such service; and any such officer shall be bound to serve notices equally with summons or other writs, and shall be in like manner liable for neglect."

270 Mo.—15

We should for a proper discussion add section 1789, which reads:

"Sec. 1789. If neither the adverse party nor his attorney reside in this State, such notice may be put up in the office of the clerk of the court wherein the suit is pending or the proceedings are intended to be had."

Counsel for respondent urge these provisions of our statute, and make light of the proposition here involved, but they entirely overlook the fact that this court has specifically ruled that the notices in these statutes provided for have no reference to a notice which brings the party into court for the first time, but only have reference to such notices as may have to be served after the party is in court. In Wilson v. Railway Co., 108 Mo. l. c. 594, SHERWOOD, P. J., said:

"It is claimed, in support of the validity of the execution sale, that the service of the notice and motion, though made in the State of New York, and upon persons there resident and never resident in this State, was legal, and gave the circuit court jurisdiction to award the execution.

"Section 736, Revised Statutes 1879, provides: 'If any execution shall have been issued against any corporation, and there cannot be found any property or effects whereon to levy the same, then such execution may be issued against any of the stockholders to the extent of the amount of the unpaid balance of such stock by him or her owned; provided always, that no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after sufficient notice in writing to the person sought to be charged; and upon such motion such court may order execution to issue accordingly; and provided, further, that no stockholder shall be individually liable in any amount over and above the amount of stock owned.'

"It is insisted that such service may be had as provided in section 3505, Revised Statutes 1879, which reads this way: 'Notices shall be in writing, and shall

be served on the party or his attorney, in the manner prescribed in this article, unless otherwise provided by law. The service may be made by delivering to the party or his attorney a copy of such notice, or by leaving a copy at the usual place of abode of the party or his attorney, with some person over the age of fifteen years, or with the clerk of the party or his attorney.' The next succeeding section (3506) provides: 'If neither the adverse party nor his attorney reside in this State, such notice may be put up in the office of the clerk of the court wherein the suit is pending or the proceedings are intended to be had.'

"It is plain, from these statutory provisions, that they refer, as their terms would naturally import, to a suit then pending in a court which has already acquired jurisdiction of the party to be served with the notice; for the party thus intended to be served is spoken of in section 3506 as 'the adverse party,' and as having an 'attorney,' meaning an attorney of record. This language would obviously be without meaning where as yet there is neither litigation nor adverse parties, and, consequently, no attorneys of record, on whom notice could be served. Thus it will readily be seen that, if the plaintiff's contention be correct, that this statute applies to the service of a notice in an instance like the present, then a service of such a notice would be equally good as to non-residents, were it simply posted up in the clerk's office as provided in section 3506. In fact, in case of a non-resident party with a non-resident attorney, this would be the only method.

"In the same chapter 21 where section 736 is found, section 751 occurs, which provides that "all notices, orders and rules required to be served in the progress of any cause shall be served in like manner as in other civil cases.' This section evidently refers also to interlocutory notices, etc.,—those 'required in the progress of any cause,'—and not to those notices, etc., by which the action is begun."

The sections which Judge SHERWOOD discusses are the same cited to us by learned counsel for respondent, and they have remained unchanged from that day forward. Our holding in the Wilson case, supra, was that the notices in these several sections mentioned had no reference to a notice to bring a person into court for the purpose of forcing him to try a case in court. These statutes therefore are inapplicable and furnish us no light upon the question under consideration. The notice we have under consideration is the very foundation of the action, and its service is the process by which the party is brought into court. The statute provides that the contestee shall be served with notice. The sections referred to by Judge SHERWOOD, and relied upon by respondent, do not aid us, because they have no reference to initial process in law suits. We have held that this notice in election contests is the initial process. The question then is by whom it can be served, absent a statutory provision, as in this case. In other words, what was the legislative intent, when it provided for service of this initial process in a case of this character? Did the Legislature intend that such process (notice as stated in the law) should be served by a private individual? We think not. We believe that the Legislature by the language used contemplated the service by an officer of the court wherein the action was to be heard. This, for the reason that the very jurisdiction of the court was and is dependent upon the service. The Legislature hardly intended that the court should determine its jurisdiction from the affidavit of a private party, rather than from the return of its own bonded officer. We conclude that the Legislature intended by this statute that this initial process should be served by the official process-server of the court, rather than a private individual. The initial process in all election contest cases is the notice and the service thereof.

III. If we are right in our conclusion in paragraph two supra, there has been no notice to contestee by personal service. Service in a method unauthorized by law

State ex rel. v. Robinson.

is no service. Through personal service there has been no notice of contest to this date. Is there **Posting Notice in Clerk's Office.** substance in the alleged substituted service by the alleged posting of the notice of contest in the clerk's office? The statute says that this kind of service shall be by posting a copy of the notice in the clerk's office. The return says that the affiant posted the notice itself (not a copy), and just how the court was to become possessed of this original notice after the posting in the clerk's office is an interesting matter for thought. But to get to the more serious trouble. This substituted service could not be had until effort to get personal service had failed, and this effort to get personal service, as we have indicated above, must be by the sheriff or other proper officer of the court. If we are right in holding that personal service must be through an officer of the court, then there can be no substituted service until this officer fails to find the contestee. The failure of a private person to find him will not suffice for the basis of the substituted service. Whilst the statute says the contestant shall post up the copy, yet we think that the reasonable construction of the statute would be that the officer charged with the service of the notice would be the party to post the notice, after having made the effort for personal service, and let his return show the service in that way. It at least does not mean that some private party, as here, can make the search, and then post the notice.

Under the record before the respondent Robinson, and before us, he had no jurisdiction in this case, and our preliminary rule in prohibition should be made absolute. With these insurmountable obstacles in the way of jurisdiction, it would be useless to discuss other questions urged in the briefs. Let our preliminary rule be made absolute. It is so ordered.

All concur, except *Woodson, J.,* not sitting.