THE STATE ex rel. JAMES P. NEWELL v. RHODES E. CAVE, Circuit Judge.

In Banc, December 22, 1917.

1. **ELECTION CONTEST: Notice: Defective and Untimely Service: Waiver: Jurisdiction.** A failure to serve the notice of an election contest for a county office within the time prescribed by statute, and the defect in the manner of service, in that it was served by a private individual instead of by an officer, are waived by a general appearance of the contestee. The parties to the proceeding are the contestant and contestee, and the contest for the title to the office is the subject-matter. Jurisdiction of the subject-matter is conferred by law, and its non-existence cannot be waived; but service of process has to do with jurisdiction of the persons or parties to the action, and any defect in that service, as to time or manner, or a failure to serve the notice at all, is waived by the contestee's appearance to the merits. [Overruling any contrary ruling in State ex rel. Woodson v. Robinson, 270 Mo. 212.]

    *Held*, by GRAVES, C. J., dissenting, with whom BLAIR and WILLIAMS, JJ., concur, that the statute requires the notice to be filed with the clerk, and until it is served in the manner and within the time prescribed by statute and filed with him the court obtains no jurisdiction of the subject-matter or contestee, since it is only a notice so served that can be filed.

2. ————: **General and Limited Jurisdiction of Circuit Court.** Circuit courts do not exercise a limited jurisdiction in election contests

or proceed according to a prescribed and exclusive procedure, but are courts of general jurisdiction. It is immaterial how the right claimed or remedy prayed for originated so long as the court's jurisdiction is not limited by the law creating the one or conferring the other, and no such express limitation is found in the laws governing election contests.

*Held*, by GRAVES, C. J., dissenting, with whom BLAIR and WILLIAMS, JJ., concur, that jurisdiction to hear and determine an election contest is not a part of the general common law jurisdiction possessed by circuit courts, but the tribunal and the proceeding are purely statutory, and as the statutes do not give the court jurisdiction of the subject-matter until a notice, served in the statutory manner, is filed with the clerk, the contestee by entering his general appearance does not give the court jurisdiction.

3. **MANDAMUS: Reinstatement of Cause.** Mandamus is the proper remedy to compel the trial court to reinstate, and to dispose of in the orderly course of procedure, a cause of which it has jurisdiction and which it has dismissed without a hearing

## Mandamus.

PEREMPTORY WRIT AWARDED.

*Mortimer B. Levy, Peter T. Barrett* and *Jones, Hocker, Sullivan & Angert* for relator.

(1) Jurisdiction of the subject-matter is conferred by law, and its non-existence may not be waived. Service of process has to do with jurisdiction of the person, and is waived by appearance to the merits. Fithian v. Monks, 43 Mo. 515; State ex rel. v. Smith, 104 Mo. 422; State ex rel. v. Neville, 110 Mo. 348; Dowdy v. Wamble, 110 Mo. 284; Railway v. Lowder, 138 Mo. 536; 7 R. C. L. 1029; O'Brien v. People, 216 Ill. 354. (2) An appearance to the merits of an election contest is a waiver of defects in the service. Lankford v. Gebhart, 130 Mo. 641; State ex rel. v. Oliver, 163 Mo. 679; State ex rel. v. Spencer, 164 Mo. 48; State ex rel. v. McElhinney, 199 Mo. 67; Quartier v. Dowiat, 219 Ill. 326; State v. Moore, 54 S. C. 536; Whitcomb v. Chase, 83 Neb. 360. (3) A writ of mandamus is the proper remedy to compel the reinstatement of the cause. Castello v. St. Louis Cir-

cuit Court, 28 Mo. 259; State ex rel. Bayha v. Philips, 97 Mo. 347; State ex rel. v. Homer, 249 Mo. 58; State ex rel. v. Shackleford, 263 Mo. 58; State ex rel. v. Holtcamp, 266 Mo. 372.

*Major & Revelle, Spencer & Donnell* and *George B. Webster* for respondent.

(1) Election contests are special statutory proceedings in which the courts of first instance exercise a limited jurisdiction and proceed according to a prescribed and exclusive procedure. State ex rel. v. Slover, 134 Mo. 15; State ex rel. v. Hough, 193 Mo. 643; Bradbury v. Wightman, 232 Mo. 394; State ex rel. v. Robinson, 192 S. W. 1001; State v. Gamma, 149 Mo. App. 702; Taafe v. Ryan, 25 Mo. App. 566; McCrary, Elections (4 Ed.), sec. 370; 15 Cyc. 435. (2) Where such a special statutory proceeding is created the particular method of acquiring jurisdiction specified is essential to its exercise. 11 Cyc. 670; 7 Ency. Pl. & Pr. 378; 1 Bailey on Jurisdiction, sec. 129; Fischer v. Langbein, 103 N. Y. 84; Van Loon v. Lyons, 61 N. Y. 22; People v. Police Board, 6 Abb. Pr. 162. This proposition is recognized and approved by our courts in cases of kindred nature. Odle v. Clark, 2 Mo. 13; Hudson v. Wright, 204 Mo. 412; Pattison v. Lutz, 1 Mo. App. 133, Devore v. Staeckler, 49 Mo. App. 548. It is not otherwise because our circuit courts are courts of general original jurisdiction. Where such courts are vested by statute with special and limited powers in proceedings which do not belong to them as courts of general jurisdiction, and which are not to be exercised according to the course of the common law, their acts and proceedings are to be treated as those of courts of special and limited jurisdiction. Brown on Jurisdiction, sec. 3-a; Furgeson v. Jones, 17 Ore. 204; Morse v. Presby, 25 N. H. 299; Galpin v. Page, 18 Wall. 350. (3) There is no distinction between this case and State ex rel. Woodson v. Robinson, 270 Mo. 212. The notice of contest given by Newell was no notice because served by a private person. When the contestee appeared seventy-

four days had elapsed after the expiration of the tim' within which by statute a valid notice could have been served. There was, therefore, no case pending, no remaining chance to invest any court with jurisdiction, and no act of any party could create or confer any by appearance or consent.

WOODSON, J.—This is an original proceeding instituted in this court, asking for a writ of mandamus against the Honorable Rhodes E. Cave, one of the judges of the circuit court of the city of St. Louis, directing him to reinstate and proceed with the trial of the case of James P. Newell v. Frank M. Slater, an election contest, as to the right to the office of Public Administrator of said city, lately pending in said court, before said judge, and by him dismissed. An alternative writ was issued and served upon Judge Cave, to which he filed a demurrer, thereby admitting the facts stated therein. They are substantially as follows:

Newell, the relator, and Slater were adversary candidates for the office of Public Administrator of the city of St. Louis at the November election of 1916; the Board of Election Commissioners of that city awarded the certificate of election to Mr. Slater. Within the time allowed by the statute the relator, Mr. Newell, served Mr. Slater with a notice of contest. This notice was served, however, not by the Sheriff, but by a private individual. The contents of the notice of the contest is not here material and for that reason is omitted from the statement of the case. The affidavit of the private individual who served Mr. Slater is found in the return. This notice of contest was filed in the office of the Circuit Clerk on the 7th day of December, 1916, and was returnable to the February term, 1917, of the circuit court of the city of St. Louis.

On the 23rd day of December, 1916, the contestee, Mr. Slater, served the relator, Mr. Newell, with a notice of counter-contest, which also is immaterial here. This likewise was served, not by a Sheriff of the city of St. Louis, but by a private individual.

State ex rel. Newell v. Cave.

The opening day of the February term of the circuit court of the city of St. Louis for 1917 was the 5th day of February, and on that day Mr. Slater appeared by his counsel and filed his notice of the counter-contest in court.

On the 24th day of February, 1917, the relator served on his adversary an amended notice of contest. This again was served, not by the Sheriff of the city of St. Louis, but by a private individual. This amended notice of contest was filed by leave of court and in open court on the 24th day of February, 1917.

On the 1st day of March, 1917, the contestee, Slater, appeared again in open court, and filed his motion to strike out parts of said amended notice of contest. The ground upon which this motion was rested had nothing to do with the manner in which service had been had under either the original or amended notice of contest. It set up that the original notice of contest was so defective in the matter of averment respecting the names of disqualified voters and the grounds of their disqualification as not to admit of amendment. The contestee later appeared in court and submitted his motion to strike out parts of his amended notice of contest, and the same was overruled by the court.

On the 4th day of May, 1917, the relator filed his application for a recount of the votes cast. On the same day and for the first time the contestee, Slater, challenged the jurisdiction of the court to proceed with the matter by filing his motion to dismiss the proceedings, for the first time contending that the court was without jurisdiction, for the reason that the notice of contest had not been served by any officer of law authorized to serve process.

On the 4th day of June, 1917, the court sustained this motion to dismiss, whereupon followed this application for a writ of mandamus to compel the court (Judge Cave, presiding in the division where the controversy was pending) to reinstate the contest and proceed with the hearing and determination of the same in orderly course.

272 Mo.—42

The correct decision of this case turns upon the proper time and manner of commencing and giving the notice of contest to the contestee as required in Section 5924, Revised Statutes 1909, which reads as follows:

"No election of any county, municipal or township officers shall be contested, unless notice of such contest be given to the opposite party within twenty days after the vote shall have been officially counted."

Counsel for respondent insists with much vigor that since the notice of contest prepared and made out

**Defective Notice: Waiver by Appearance.** by the contestant was served upon the contestee by a private individual, and not the Sheriff of the city of St. Louis, the same was *ab initio* null and void, to the same extent as if it had never been prepared or served by any one; also that service of such notice cannot be waived and in support of that insistence counsel rely with much confidence upon the ruling of this court in the case of State ex rel. Woodson v. Robinson, 270 Mo. 212.

After a careful study of that case it must be conceded that the opinion therein contains language sufficiently broad and comprehensive to warrant the position taken by counsel in this case; but in that case it must be noticed that the contestee, from the very inception of the case, challenged the jurisdiction of the court over the cause for failure of proper service, and renewed the same at every proper step taken thereafter, so the question of waiver involved in this case was not properly before the court in that case for decision; and what was there decided as to this question was therefore, mere *obiter,* and not binding on the court.

In the case at bar, as appears from the statement of the case, which is conceded by counsel for all parties to be correct, the contestee repeatedly entered his general appearance in the cause, and at no time prior to May 4, 1917, challenged the jurisdiction of the court for any reason. Upon that day the contestee for the first time filed his motion to dismiss the cause for the reason that the court acquired no jurisdiction over the subject-matter thereof, because the notice of contest

had not been served by an officer of the law authorized to serve process, and that the same could not be waived.

Counsel for respondent seem to confuse the subject-matter of the cause with the person of the contestant. It is too plain for argument that the contestant and contestee are the parties to the cause, and the contest of the title to the officer is the subject-matter thereof.

The jurisdiction of the court over the subject-matter of the cause is confessed by law, and its non-existence cannot be waived by the parties; but the service of process has to do with the jurisdiction of the court over the persons or parties to the cause, and that service may be waived by the appearance of the parties to the merits. The authorities are uniform on those questions. [Fithian v. Monks, 43 Mo. l. c. 515; State ex rel. v. Smith, 104 Mo. l. c. 422; State ex rel. v. Neville, 110 Mo. l. c. 348; Dowdy v. Wamble, 110 Mo. l. c. 284, and cases cited; Railway Co. v. Lowder, 138 Mo. l. c. 536; 7 Ruling Case Law, p. 1029; O'Brien v. People, 216 Ill. 354, and cases cited.]

The question here presented for decision is not a new one in this State, nor in the jurisprudence of other states. Long prior to the rendition of the decision in the case of Woodson v. Robinson, supra, it had been the well settled law of this State that the contestee, by entering his general appearance in the cause, pleaded to or contesting the merits thereof, waived the question of jurisdiction when not properly and timely challenged.

In the case State ex rel. v. Oliver, 163 Mo. 679, this court said:

"It is thought that James K. Young's appearance as contestee before the clerk of the circuit court, and filing a motion to require his opponent to give security for costs and also his motion to make Oliver's notice of contest more definite and certain, were such appearances as cured a defective service if there were any. [State ex rel. Lemon v. Board of Equalization, 108 Mo. 235.] Besides that, Young appeared before the county clerk and filed a counter notice of contest."

In State ex rel. v. Spencer, 164 Mo. 48, this court used this language:

"In this case, however, the contestee appeared and filed an answer and cross charges. By so doing he waived the failure to give the notice required by section 7057. [State ex rel. v. Board of Equalization, 108 Mo. l. c. 243; State ex rel. v. Springer, 134 Mo. l. c. 227.] Consent cannot confer jurisdiction over the subject-matter. But the court had jurisdiction over the subject-matter by law. Consent can confer jurisdiction over the person, and a party *sui juris,* may waive even the issue of a summons and appear and answer. If he does so he is as completely in court as if he had been brought in by notice of process. [Coleman v. Farrar, 112 Mo. 54; Fithian v. Monks, 43 Mo. 502; Thompson v. Railroad, 110 Mo. 147; Leonard v. Sparks, 117 Mo. 103.] If the contestee desired to avail himself of the want of notice, he should have seasonably interposed an objection on that ground by a limited appearance to dismiss. [Thompson v. Railroad, 110 Mo. 147.]"

And in State ex rel. v. McElhinney, 199 Mo. 67, the court said:

"But there is a further answer to this whole contention on the part of the relator. It is admitted that as contestee he appeared in the circuit court and filed his answer to the merits of the case, which answer is in part a cross-complaint against the contestant, and having done so, he waived the failure to give the notice required by section 7057. [State ex rel. Folk v. Spencer, 164 Mo. l. c. 54, 55.] It follows, therefore, that in so far as the objections of the relator and contestee to the jurisdiction of the circuit court are founded upon the insufficiency of the notice, it must be held that they are not well taken, and the circuit court had jurisdiction of the contest."

In Quartier v. Dowiat, 219 Ill. 326, the court said:

"The defendant in an election contest who enters his appearance generally and demurs to the petition, waives any ground of objection he may have had to the sufficiency of the service together with the right to

afterwards enter a personal appearance or to object to the jurisdiction of the court over his person."

In State v. Moore, 54 S. C. 556, it was said:

"Parties who appear by counsel before the board of county canvassers on the protest of an election, to determine whether parts of townships shall be cut off from one county to form part of another, cross-examine the witnesses, and participate in the argument on the merits, thereby waive an objection that they were not formally served with notice."

In Whitcomb v. Chase, 83 Neb. 360, the Nebraska statutes provide for the appeal of an election contest from the county court to the district court by taking certain steps. Objection was made by the contestee to the manner in which this appeal was taken, and the Supreme Court of that State said on this subject:

"The district court having been given appellate jurisdiction of the subject-matter of such contests, mistakes and irregularities in perfecting an appeal will not deprive it of such jurisdiction. Defects and irregularities in perfecting an appeal may be waived by the parties, and failure to make seasonable objection to the jurisdiction of the district court will constitute a waiver."

In Dudley v. Superior Court, 110 Pac. 146, the contestee first demurred to the statement of the contestant. The California statute provides that a demurrer was a general appearance, and without a statute our courts hold to the same rule. After his demurrer was passed upon, the contestee objected to the service of notice, and it was held that his objection came too late. The court said:

"It further appears by the petition that upon the same date when the order was made calling the special session the petitioner, defendant in said contest, filed a general demurrer to the statement of Jones, the contestant. Under section 1014 of the Code of Civil Procedure the effect of said demurrer was the entering of an appearance to the proceeding. The parties then being in court, and petitioner herein having entered

an appearance to the proceeding, the neglect of the clerk to issue the citation in proper form, or the service thereof, is of no materiality in determining the question of personal jurisdiction.''

In short, the cases just considered clearly hold that the law confers jurisdiction over the subject-matter of an election contest, and that the service of the notice of contest required by said Section 5924 by the proper officer, or the general entry of appearance of the contestee, gives the court jurisdiction over his person.

II. Counsel for respondent in a broad and general sense do not controvert the doctrine announced in paragraph one of this opinion, but insist that: ''Election contests are special statutory proceedings in which the courts of first instance exercise a limited jurisdiction and proceed according to a prescribed and exclusive procedure,'' and, therefore, the conclusions reached in the previous paragraph are not sound. In our opinion that insistence is untenable. The circuit court is a court of general jurisdiction, given jurisdiction over matters of law and equity, and it is entirely immaterial how the right claimed or remedy prayed for originated, so long as the jurisdiction of the court is not plainly limited by the law creating the right or conferring the remedy. Public policy is against placing special limitations upon the jurisdiction of courts of general jurisdiction, and the policy of the courts is to frown upon such limitations unless it clearly appears from the act conferring the jurisdiction. That the Legislature, by the statute under consideration, intended no such limitation is clearly shown by the authorities heretofore considered. We are, therefor, of the opinion that the case of State ex rel. Woodson v. Robinson, supra, in so far as it is in conflict with the views here expressed should be overruled and it is accordingly done.

*General Common Law.*

*Election Contest: Jurisdiction.*

III. It is no longer an open question in this State that mandamus to compel the reinstate-

Mandamus.    ment of this cause and its disposition by the circuit court in the orderly course of procedure is the proper remedy. The following authorities so hold: Castello v. St. Louis Circuit Court, 28 Mo. 259; State ex rel. Bayha v. Philips, 97 Mo. 331, 347; State ex rel. v. Homer, 249 Mo. 58; State ex rel. v. Shackelford, 263 Mo. 52, 58; and State ex rel. v. Holtcamp, 266 Mo. 347, 372.

For the reasons stated the alternative writ heretofore issued is made permanent.

All concur except *Graves, C. J.,* who dissents in a separate opinion in which *Blair* and *Williams, JJ.,* concur.

GRAVES, C. J. (dissenting)—I.  I cannot concur with my learned brother in this case. I do not agree that jurisdiction of the subject-matter was not involved in the case of State ex rel. Woodson v. Robinson, 270 Mo. 212. The challenge of jurisdiction was sufficiently broad to cover jurisdiction of the subject-matter, as I understand subject-matter, in so far as it pertains to jurisdiction. It can be said that the question of waiver of jurisdiction (jurisdiction of the person) was not in that case, because throughout the question of no jurisdiction was urged. This matter of waiver was discussed in the Woodson case, because urged by respondent in that case, but it did not remove from the case the two questions, i. e.: (1) jurisdiction of subject-matter, and (2) jurisdiction of person, both of which were preserved in the case. Jurisdiction of the court over the subject-matter of that contest was in the case, and as the writer of the opinion therein we purposely ruled thereon. So to my mind what was said, being upon an issue directly raised, was not *obiter.* It is true the case might have properly passed off on the question of jurisdiction of person, but both matters were raised, and decided.

Obiter in Woodson Case.

II.  Nor do I agree, in the instant case, that the circuit court ever acquired jurisdiction of this contest.

Under the facts stated by our learned brother, the very statute precludes the jurisdiction of the circuit court, and this we will point out presently.

**Jurisdiction of Election Contest.**          Whilst it is true that the circuit courts are courts of general common law jurisdiction, we must not overlook the fact that election contests were unknown to common law. "At common law there was no such proceedings known as a contested election, and therefore, we can get no aid in our inquiry from that quarter." [State ex rel. v. Hough, 193 Mo. 1. c. 643.] "A contested election is a purely statutory proceeding in Missouri, both as to the tribunal and the character of the proceeding, and was unknown at common law." [State ex rel. v. Slover, 134 Mo. 1. c. 15.]

In other words, such proceeding is a code unto itself and all questions must be determined from the provisions of the law concerning such contest. [State ex rel. v. Spencer, 166 Mo. 1. c. 285.] The jurisdiction to hear and determine a contest is not one of general jurisdiction possessed by courts having common law jurisdiction, but the tribunal and procedure are purely statutory. But for the provisions of section 9, article 8, of the Constitution, the Legislature could have had these contests adjudicated by tribunals other than courts of law. [9 R. C. L., sec. 148, p. 1158; State ex rel. v. Hough, 193 Mo. 1. c. 645.] In this regard such section of the Constitution is a limitation upon the Legislature, and that body was compelled to designate courts of law to determine contests, but this does not change the fact that the tribunals of law so selected are special tribunals, and operate under a code unto themselves.

Now to this code we turn to see if the court *nisi* has jurisdiction in this case.

III.   By Section 5924, Revised Statutes 1909, the circuit courts of the State were designated as tribunals before which contests of the character of **No Jurisdiction Without Notice.** the one involved here should be heard. By Section 5928, Revised Statutes 1909, the proceeding for determining the contest is

made a summary one. But the contest about to be presented must be one within the statute, before this special tribunal possesses any power to act. To illustrate: a notice of contest duly served, must be filed with the clerk of such court, at some time prior to the date of the trial, before such court can be possessed of the cause. By possessed of the cause, we mean the power and right to determine it. A contestant might prepare his notice of contest in due form, and might have it duly served in the method prescribed by our ruling in State ex rel. v. Robinson, 270 Mo. 212, and yet the circuit court would not have jurisdiction of that contest. The law requires more, not in specific language, but by our construction thereof. Thus in State ex rel. v. Hough, 193 Mo. l. c. 648, it is said: "And while the statute does not designate the time for the filing of the notice in the office of the clerk inasmuch as a copy of the notice containing all the grounds of the contest is served on the contestee, it would seem that the filing of the original with the clerk at any time before the commencement of the term, to which the contest is returnable, would answer all the requirements of the law."

What we want to emphasize is the fact that there is no way, earthly, by which the court can acquire jurisdiction of the particular contest (either as to its subject-matter or the parties thereto) except by the filing of a legally served notice with the clerk of the court. When a legally served notice is filed with the clerk then the court for the first time becomes possessed of the contest. If this were not true the contestant could change his mind about contesting the election and put his duly served notice in his pocket, and keep it there, and yet we would have a contest pending in court. This will not do.

Now if it requires the filing of something with the clerk to give the court jurisdiction of the subject-matter, as well as of the persons of a particular case, what must be the character of this "something?" In an ordinary law suit the court grabs jurisdiction of the subject-matter of the particular suit, when the petition

is filed, which petition invokes its jurisdiction. It gets jurisdiction of the person, on the one side, by the filing of the petition, and on the other by the service of a summons. Thus the jurisdiction of the subject-matter of the particular case, and the jurisdiction of persons interested therein, is made complete. But if no petition was filed, it would be foolish to say that the court had acquired jurisdiction of the subject-matter of that particular case, although it might have general jurisdiction of the cases belonging to the class. Whether you call it jurisdiction or the invocation of jurisdiction, is immaterial. Certain it is the courts of law cannot try a case before a petition is filed, and whether the filing of the petition is the thing which gives the jurisdiction of the subject-matter of the particular case, or is the thing which invokes the general jurisdiction of the court, is a matter we need not discuss, for the purpose we now have in view. It is clear that the court is powerless to act until a petition is filed.

With the foregoing ideas in mind let us now revert to Section 5924. Among other things this section says: "but no election of any such school directors, of any county, municipal or township officers, shall be contested unless notice of such contest be given to the opposite party within twenty days after the votes shall have been officially counted." The section then provides the manner of serving this notice, and in State ex rel. v. Robinson, 270 Mo. 212, we said that service must be by an officer of the court.

Under these statutes (which are a code unto themselves) and before this special tribunal, the process is this: the contestant prepares his notice and has it served, and then files this notice duly served, with the clerk of the court. When such an instrument is filed, the court for the first time becomes possessed of the contest. If no such instrument is filed, then the court never becomes possessed of the contest. Under this special code there is a condition precedent, which must be performed before the court can become possessed of the contest. This condition precedent is the filing of a duly served notice of contest with the court or its

clerk. If, as in the case at bar, under the ruling in State ex rel. v. Robinson, the contestant has never obtained service of a notice, how then can he meet this condition precedent? If he filed a mere notice of contest, without any service, could it be said that the court had acquired the right to determine such a contest? The thing which invokes the jurisdiction of the special tribunal for such cases is the filing of two things: (1) a notice of contest and (2) a certificate of due service of that notice. When these two things are filed the special tribunal acquires jurisdiction of the contest, i. e. the subject-matter of the proceeding, and not before. The jurisdiction of the special tribunal is not invoked until this is done. How can you waive a jurisdiction which has never been invoked?

My position is, that under this special code, this special tribunal acquires no right to act until there is filed with its clerk a notice of contest, served within the time and in the manner prescribed by law. This because of the prohibition in the statute, which says "no election . . . shall be contested unless notice of such contest be given to the opposite party."

The language of this prohibition upon these special tribunals is strong and emphatic. By its terms the hands of the special tribunals are stayed until the filing of such notice with legal service thereon. It requires the filing of both, before the stay of the statute is raised and the special tribunal is permitted by law to proceed. In the instant case there was no legal service (which is no service at all), and hence the notice of the contest and legal service thereof was not filed. Under such circumstances the circuit court has no more right to proceed than would a justice of the peace. The condition precedent to jurisdiction has never been met. It is not a question of waiving jurisdiction over the person, but is a question of whether the contestant has done the things pre-requisite to a contest at all.

IV. We have no quarrel with the proposition that jurisdiction of the subject-matter is conferred by law. But what we do urge, is, that the power which confers

by law the jurisdiction of subject-matter, General Common Law Jurisdiction: Waiver. has just as much right to limit this jurisdiction, as it has to grant it in the first place. And if the law-making power which granted the jurisdiction of subject-matter to these special tribunals chose to limit its exercise by imposing conditions precedent, it could do so. So it has done in this class of cases, and until the condition precedent has been met no jurisdiction of subject-matter is possessed by the tribunal. [State ex rel. v. Spencer, 166 Mo. 1. c. 286.] The fact must not be overlooked that this is a special jurisdiction and a special tribunal under this special code. By this we mean that although it is a court with common law powers, which is acting, yet its power to act had to be specially conferred by statute in contests of elections.

Nor have we anything to urge against the porposition that where general jurisdiction is conferred, then if the case belongs to the class, it is usually sufficient to confer jurisdiction of subject-matter in the specfic case. This is not always true, however. Thus circuit courts have jurisdiction to issue writs of prohibition, yet we have held that they may exceed this jurisdiction by trying to prohibit an executive board from acting in the impeachment of a city marshal. [State ex rel. McEntee v. Bright, 224 Mo. 514.] So, too, circuit courts have general jurisdiction to cancel deeds which cloud titles to land, yet we prohibited a circuit court from hearing a case to cancel such a deed when the land was not in Missouri. [State ex rel. v. Grimm, 243 Mo. 667.] So, too, circuit courts have general jurisdiction over action for damages, yet we would hardly hold that such an action would lie against the Governor of the State for an alleged failure to perform one of his duties. [State ex rel. v. Shields, ante, p.—.]

But the case at bar is not in either of these categories. Here we have a special jurisdiction in a special forum under a special code. That it is a special forum is made more clear by the fact that in original contest proceedings in this court, a part of the judges and not all the court may be the forum.

Nor have I any quarrel with the rule of waiver as expressed in the cases of State ex rel. Folk v. Spencer, 164 Mo. 48, and State ex rel. Sale v. McElhinney, 199 Mo. 67. The first of these cases involves a contest over the office of Circuit Attorney in St. Louis, and the latter involves a contest over the office of circuit judge of the same city. In the matter of a contest for circuit judge the statute (Sec. 5957, R. S. 1909) requires the contestant to file a petition in court just as in ordinary civil actions. Summons must issue as in other actions. Answer must be filed, as in ordinary actions. Thus it will be seen that the procedure is entirely different from the one in the case at bar. The jurisdiction of the subject-matter is invoked by the filing of the petition, and this particular jurisdiction of the subject-matter of this kind of a contest, is complete, although no service of summons be had. As long as the petition remained on file, and the case was not dismissed, the jurisdiction of the subject-matter, i. e. that contest, was there. Of course it would require the jurisdiction of the person, and this could be waived, by the party coming in and doing things which amount to a waiver of jurisdiction of person.

So, too, in contests over the circuit attorney's office in St. Louis. By Section 5965, Revised Statutes 1909, these contests must proceed as those for circuit judge. But these cases are not like the case involved in the instant case. The procedure is altogether different. Those cases have the same course (filing petition, issue and serving of summons and filing answer) as ordinary civil actions. The question of waiving personal service in such cases would be just as in the regular civil case.

The case of State ex rel. v. Oliver, 163 Mo. 679, cited by my brother, does contain some language which gives aid to the question of alleged waiver in this case, because in that case (a case in prohibition here) the prohibition proceeding grew out of a contest for a county office. When the case is fully read we think it no authority. There was no special point made in the opinion on this matter, but it seems to have been a casual outburst of the judge writing the opinion. On

page 690, Judge SHERWOOD did say: "Upon this order hinges the proper disposition of this cause, because it is thought that James K. Young's appearance as contestee before the clerk of the circuit court, and filing a motion to require his opponent to give security for costs and also his motion to make Oliver's notice of contest more definite and certain, were such appearances as cured a defective service if there was any. [State ex rel. Lemon v. Board, 108 Mo. 235.] Besides that, Young appeared before the county clerk and filed a counter notice of the contest." The whole fight in that case was upon other matters and this language of the learned jurist seems to have been by the wayside. But the case he cites for support (State ex rel. Lemon v. Board, 108 Mo. 235) is not a contested election at all, and is and was no authority whatever for the side remarks above quoted from Judge SHERWOOD.

On the contrary in a contested election for sheriff (Castella v. Ceri, in the circuit court of St. Louis) Judge Lackland, the circuit judge, ruled that the service of a counter notice of contest did not waive jurisdiction (Vide, Castello v. St. Louis Circuit Court, 28 Mo. l. c. 265), and this ruling was approved by this court (Castella v. St. Louis Circuit Court, 28 Mo. l. c. 274, et seq.), wherein we refused to mandamus the circuit court to proceed, the very thing we are asked to do in this case. This case is exactly in point in cases involving contests of county officers.

When it is recalled that contests of elections are special proceedings, under a specially created jurisdiction, with a specially provided code, we are forced to the conclusion that a duly and legally served notice is jurisdictional. [State ex rel. v. Spencer, 166 Mo. l. c. 286.] County courts are given jurisdiction to hear and determine road cases, but the procedure calls for a certain notice. In that line of cases we have held (Railway v. Young, 96 Mo. l. c. 42) that: "The fact of notice having been given in the mode pointed out by the statute, is as much a jurisdictional prerequisite as is the residence of the statutory number of petitioners. If either be lacking, the jurisdiction fails, and for the obvious reason

that such proceedings, being *in invitum,* in derogation of common law and common right, are always regarded as *strictissimi juris,* and receive no help from intendments or implications, and so this court has repeatedly held.''

So in the case at bar. The proceeding is one unknown to the common law. The certificate of election (a valuable right) is being taken. The proceeding a special one, and summary in character, before a special tribunal named in the special code provided for the conduct of the proceeding—we therefore reiterate what we said in State ex rel. v. Robinson, that without notice of a contest duly and legally served, within the time prescribed, the circuit court (the special tribunal in this class of contests) was absolutely without jurisdiction and such jurisdiction could not even be given by consent. For these reasons we dissent.

*Blair* and *Williams, JJ.,* concur in these views.