HENRY P. McCLOON, Respondent, *v.* ARMSTRONG BEATTIE, GARNISHEE, ETC., Appellant.

46 391
61a 533
46 391
67a 397
46 391
85a 191
46 391
166 519

1. *Justices' courts—Attachment—Garnishment—Jurisdiction of justices' courts not presumed.*—The return of a constable, on order of publication issued in an attachment proceeding before a justice of the peace, showing that the same was executed by "posting in four public places," etc., but not that it was posted twenty days before the day when defendant was obliged to appear (Wagn. Stat. 196, § 77), gave the justice no jurisdiction over the defendant. Judgment based on such a notice would be simply void, and would not sustain a judgment against a garnishee.

The jurisdiction of inferior courts will not be presumed, and must be proved.

*Appeal from Fifth District Court.*

*Bassett, Van Waters & Pike*, for appellant.

No court can rightfully render judgment in a cause until it has acquired complete jurisdiction over the parties, the subject-matter and the process. Judgment rendered without such jurisdiction is void. (Penobscot R.R. Co. v. Weeks, 52 Me. 456; Sanders v. Rains *et al.*, 10 Mo. 770; Caldwell v. Lockridge, 9 Mo. 368; Bigelow v. Stearns, 19 Johns. 39; Smith v. Rice, 11 Mass. 507; Corwin v. Merritt, 3 Barb. 345; 26 Conn. 273; Smith v. Mc-Cutchen, 38 Mo. 416; 12 Ill. 358.) The record of inferior courts should affirmatively show jurisdiction. (Burch v. Schneider, 27 Mo. 101; State v. Metzger, 26 Mo. 65; 9 Wheat. 541; 6 Mo. 64, 74; Frees v. Ford, 2 Seld. 176; 2 How. 309; 11 Wend. 648, 653; 1 Hill, 130; 3 Mo. 302.)

*Strong & Chandler*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiff sued out before a justice of the peace of Buchanan county a writ of attachment against one Austin, and summoned defendant Beattie as garnishee. Beattie appealed to the District Court from the judgment rendered against him, when again the plaintiff recovered judgment, and the case is brought here after an affirmance by the District Court.

The record is attacked for various errors and irregularities both

before the justice and in the Circuit Court; but we will only consider one. It does not appear that the debtor, Austin, was ever brought into court. He was not found, and never appeared, and the return of the constable to the order of publication shows that it was "executed by posting in four public places," etc. This is no execution of the order. The return should have shown that the notices or advertisements were posted up in four public places in the proper county, twenty days before the day when the defendant is notified to appear; and it is sufficient if the correct period appears by the officers specifying the time when the notices were posted. But it must affirmatively appear that the notice has been given according to law, or the justice obtains no jurisdiction over the absent debtor. "Jurisdiction will be presumed as to courts of general authority, but as to inferior courts it is different, and those who claim rights or exemptions under their proceedings must show their jurisdiction." (State to use, etc., v. Baldwin, 27 Mo. 103; State v. Metzger, 26 Mo. 65.) No jurisdiction having been obtained of the person of Austin, the judgment against him is simply void, and can not sustain a judgment against a garnishee, and such judgment would be no defense if pleaded to a new action upon his supposed indebtedness to Austin.

Irregularities in obtaining the judgment against the principal debtor, provided jurisdiction is obtained of the person and subject-matter, will not vitiate that against the garnishee, and the former judgment will protect him in a new action. Mr. Drake states the point with great force: "It follows hence that a garnishee must, for his own protection, inquire first whether the court has jurisdiction of the defendant, and next whether it has jurisdiction of him. If the jurisdiction exists as to both, he has no concern as to the eventual protection which the judgment of the court will afford him; it will be complete." (Drake's Attach., § 695.) The defendant Beattie, then, has a right to complain of the judgment against him, and to seek its reversal, although he stands indifferent between the parties.

The justice never acquired jurisdiction; his judgment is reversed. The other judges concur.