JAMES L. HOPKINS, Assignee, Respondent, v. CHARLES H. HUFF *et al.*, Garnishees of GREAT EASTERN CASUALTY AND INDEMNITY COMPANY, Appellants.

St. Louis Court of Appeals, November 17, 1896.

1. **Garnishment in Justices' Courts:** RIGHT OF GARNISHEE TO PLEAD WANT OF JURISDICTION. When a judgment is void for want of jurisdiction, a garnishee under it is at liberty to, and, indeed, for his own protection must, set up its invalidity; and this rule applies as well to garnishment proceedings in justices' courts as elsewhere, notwithstanding that the interrogatories permissible therein are limited to the two expressly prescribed by statute.

2. ————: ————: PLEADING. But, in such case, the answer of the garnishee must set forth facts and not conclusions. And *held*, that the allegations of the answer of the garnishee in this cause did not comply with this requirement and were, therefore, not admitted by the failure of the plaintiff to deny them.

3. **Evidence:** EFFECT OF RECORD OF JUDICIAL PROCEEDING. When the record of another suit is offered in evidence merely for the purpose of showing the termination of that suit, the party making the offer does not thereby concede that the facts are as stated in any part of it other than the entry of dismissal.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Geo. R. Lockwood* for appellants.

*James L. Hopkins* for respondent.

ROMBAUER, P. J.—The defendants, who are garnishees upon an execution issued by a justice of the peace, prosecute this appeal from a judgment rendered against them in the circuit court on their appeal. The judgment was rendered on the admissions of their answer. The garnishees claim that the judgment against them was unauthorized because the judgment against the defendant in the execution, whose garnishees they are, was void for want of jurisdiction, which fact, under well settled rules of law, they were bound to set up for their own protection, even before a justice of the peace; that they did set up such fact in their answer, both before the justice and in the circuit court, and, as that part of their answer was not denied, they were entitled to their discharge.

On what theory the case was tried in the circuit court does not appear, as no instructions were asked by either party; nor were any given by the court. Nor is there any complaint that the court either admitted or rejected evidence improperly. Hence, we must uphold the judgment, if it can be supported on any theory applicable to the pleadings and evidence.

Before the justice the two statutory interrogatories were filed. The garnishees answered these, admitting an indebtedness of $250 due by them to the defendant in the execution. Their answer then proceeded as follows:

"*Third.* For further answer the garnishees herein say that, in the cause in which W. A. Guenzburger obtained judgment for $205 and costs against the Great Eastern Casualty and Indemnity Company of New York, in which cause the execution under which these garnishees have been garnished was issued, the pretended statement of the alleged cause of action filed by said Guenzburger in said suit did not constitute a

statement of the pretended account, or the alleged facts constituting the pretended cause of action upon which the suit was founded, nor was it the instrument sued on, and did not authorize or empower the justice, to wit, Patrick Sheehan, Esq., in whose court said pretended statement was filed, to issue any summons or other process thereon, and the pretended writ of summons which was issued thereon did not state the nature of the suit as required by the statute in such case made and provided, and said justice was entirely without jurisdiction to render judgment in said cause on said pretended statement and summons, as appears from the face thereof. And the garnishees, therefore, say that they are not liable under the execution issued in said court, and the writ and garnishment issued thereon, and they, therefore, pray to be hence dismissed with their costs, because of the facts aforesaid and the many other illegal, void, and irregular proceedings had in said cause, all of which appear from the face of the record therein."

The garnishees' answer was not denied by the plaintiff in the execution. Whether the plaintiff failed to deny such answer because he was of opinion that it did not tender any issue of fact, or because he thought that the garnishees were confined in their answer to the two interrogatories propounded to them in the justice's court, does not distinctly appear. He moved in the circuit court for judgment upon the answer on the following grounds: *First*, that the interrogatories and answer of the garnishees, defendants herein, show their liability to this plaintiff; and, *secondly*, that the record contains no issue of fact for the determination of this honorable court. This is the motion which the court sustained.

It is the well settled law here and elsewhere that, where a judgment has been obtained against a gar-

nishee's creditor which is void for want of jurisdiction in the tribunal rendering it, the garnishee is not only at liberty to set up such fact in his answer, but is bound to set it up for his own protection. *McCloon v. Beattie,* 46 Mo. 391; *The Johnson Machinery Co. v. Watson,* 57 Mo. App. 629; *Fletcher v. Wear,* 81 Mo. 524. The fact that the garnishment proceedings are pending before a justice of the peace forms no exception to the rule. The plaintiff is confined in his interrogatories to the two mentioned in the statute, but the garnishee is not confined in his answer to these interrogatories, but may set up any fact which shows that he is entitled to his discharge. It is also the well settled law of this state that a garnishee's answer is *prima facie* evidence of the facts therein stated, whether it contains a simple denial or affirmative matter, and must be taken as true until disproved. *Holton v. Railroad,* 50 Mo. 151. The difficulty with the garnishee's answer in the case at bar is that its affirmative part does not state any facts, but mere conclusions. It does state that the statement filed before the justice was insufficient to give that officer jurisdiction against the defendant in the execution, but fails to state wherein it was insufficient. It states that the summons fails to state the nature of the suit, but nowhere avers what the summons was.

The statute, it is true, provides that, if the answer of the garnishee be not denied in proper time, it shall be taken to be true and sufficient. R. S. 1889, sec. 5253. This provision, however, can have reference only to cases where the garnishees' answer presents issuable facts, and not when it presents mere conclusions.

There is some contention between the parties as to whether the statement filed before the justice by the plaintiff's assignor, being the statement now claimed by the garnishees to be jurisdictionally defective, is in

the record. We conclude that it is not. Upon the trial of the cause at bar in the circuit court the plaintiff did offer in evidence the record of an injunction suit instituted by the Great Eastern Casualty and Indemnity Company against the plaintiff's assignor and others to enjoin the further prosecution of the garnishment suit. This record was offered for the purpose of showing that that suit had determined, and that the petition therein had been dismissed. The petition in that suit sets out the statement filed by plaintiff's assignor before the justice in *haec verba*, and is the only part of the record which does so. It goes without saying that, when the record in another suit is offered in evidence for the purpose of showing the termination of that suit, the party making the offer does not thereby concede that the facts stated in any part thereof are true, excepting the entry of dismissal. The record also fails to contain the original summons against the defendant in the execution, or the execution itself, and the constable's return thereon. Hence, we could not say that the circuit court erred in its judgment, even if we conceded that an insufficient statement filed before a justice, which is of an amendable character, renders the judgment obtained thereon subject to a collateral attack, a proposition for which we can find no precedent. It results from the foregoing that the record before us contains no sufficient data to warrant us in disturbing the judgment, and hence we are bound to affirm it. Judgment affirmed. All concur.