L. F. NICKEY, Respondent, v. AMERICAN HARDWOOD LUMBER COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1898.

1. **Action**: STATEMENT OF CAUSE OF ACTION: JUSTICE'S DOCKET. Plaintiff's cause of action in the circuit court, on appeal from justice's court, is the statement filed in the justice's court, and is not on any misrecital in the justice's transcript.

2. **Justice's Docket**: IMMATERIAL RECITAL IN JUSTICE'S DOCKET. In the statement of his cause of action before the justice, plaintiff alleged an indebtedness in his favor and against defendant, o' $102.75, as shown by papers filed herewith, to wit, a check for $100, and certificate of protest. The justice's transcript recites that plaintiff sued upon a "check executed to him by defendant for $105. *Held*, that this misrecital in justice's docket as to the amount of the check is wholly immaterial.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

HENRY N. PHILLIPS and LAMBERT F. WALTHER for appellant.

The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court on appeal. R. S. 1889, sec. 6345; Hausberger v. R. R., 43 Mo. 196. The transcript of the justice's docket, regularly certified, was the only proper evidence to prove what was done before the justice. R. S. 1889, sec. 4883; Raum v. Eyermann, 2 Mo. App. 478; State ex rel. Stuart v. Maloney, 113 Mo. 370. All letters exchanged between the parties in reference to the contract are admissible in evidence. Hammond v. Beeson, 112 Mo. 190. Subsequent correspondence between the parties touching the matter is relevant evidence. Gorham v. Auerswald, 53 Mo. App. 135. That the weight of the evidence is slight, does not justify its rejection. Gorham v. Auerswald, *supra*.

No brief furnished for respondent.

BOND, J.—This action was begun before a justice upon a check given plaintiff by defendant for $100, and protest fees, which accrued by reason of nonpayment. Plaintiff had judgment. Defendant appealed to the circuit court, where plaintiff again had judgment, from which defendant appealed to this court. The first error assigned is the contention that plaintiff sued on one cause of action before the justice and recovered in the circuit court upon another. This position is wholly untenable. In the statement of his cause of action before the justice plaintiff alleges an indebtedness in his favor and against defendant, of $102.75, as shown by papers filed therewith, to wit, check for $100, and certificate of protest.

RECITAL in justice's transcript: effect of.

It is true the justice's transcript filed in the circuit court recites that plaintiff sued upon a "check executed to him by defendant for $105." This misrecital as to the amount of the check is wholly immaterial. Besides defendant having filed an answer in the circuit court alleging a failure of the consideration of the check in nonperformance of an entire contract claimed to have been made with plaintiff, and having gone to trial on these issues, is in no position to complain of the variance between the amount claimed in plaintiff's statement before the justice, and the justice's recital in his transcript filed in the circuit court. Plaintiff's cause of action was contained in the statement filed by him and the accompanying check, and not in the misrecital in the justice's transcript.

The second assignment of error is that the court excluded a letter written to defendant by plaintiff a few days after the date of the check sued on. There was no error in this ruling. The letter in question is vaguely expressed and uncertain as to its meaning, and evidently the work of an illiterate man. It need not be set out. In substance it is a complaint on the part of plaintiff of a breach by defendant of contract entailing damage and loss, coupled with a threat that unless plaintiff is indemnified for the loss thus occasioned to him he would resort to the courts for redress. There is not a sentence in the letter which warrants the inference that plaintiff made a contract with defendant, whereunder no compensation should be paid, unless plaintiff performed the given amount of work in a given number of days, and as this theory was the only defense set up in the answer filed by defendant in the circuit court, it is clear that the letter in question had no probative force in support of the answer.

EVIDENCE.

Its only evidential tendency was to sustain plaintiff's claim of loss to himself superinduced by defendant's breach of contract. Its exclusion did not therefore harm defendant. There is no complaint that the instructions failed in any respect to submit defendant's theory of the case. The jury found the issues in favor of plaintiff. Plaintiff claims that he was employed at a monthly salary of $100. The check sued upon shows on its face that it was given for one *month's salary*. We are satisfied that the judgment was for the right party, wherefore it will be affirmed. All concur.