PETER HAUPTMAN & COMPANY, Respondent, v. G. A. RICHARDS, Defendant; THOMAS WHITTLE, Garnishee, Appellant.

Kansas City Court of Appeals, June 18, 1900.

1. **Garnishment: JUDGMENT AGAINST PRINCIPAL DEBTOR: ATTACHMENT.** Before judgment can be rendered against a garnishee in an attachment case, there must be a valid judgment entered against the defendant and the burden is on the plaintiff to show such judgment.

2. ——: **VOID JUDGMENT: PROTECTION OF GARNISHEE.** Though a void judgment against the defendant may not bind the garnishee, yet he must ordinarily protect himself in such proceedings.

3.  Attachment: GARNISHMENT: LEVY: ACCESSIBLE.  The offi-
cer with an attachment writ must actually seize defendant's prop-
erty where accessible, but if it is in the hands of a third person
claiming it, it is not accessible in the meaning of the statute and
such third person may be summoned as garnishee.

Appeal from the Boone Circuit Court.—*Hon. John A. Hockaday*, Judge.

REVERSED.

*C. B. Sebastian* for appellant.

(1)  The motion in arrest should have been sustained. The justice court did not acquire jurisdiction, nor did the circuit court by the attempted appeal.  Keane v. Bartholow, 4 Mo. App. 507.  (2)  The records on their face show that the plaintiff had not obtained any judgment against the defendant Richards.  The judgment against the garnishee Whittle was manifestly erroneous.  R. S. 1889, sec. 5232; Miller v. Anderson, 19 Mo. App. 71; Mercantile Co. v. Bettles, 58 Mo. App. 384.

*Webster Gordon* for respondents.

(1)  If it was a fact that no service on the defendant was obtained, and the justice court proceeded to final judgment without jurisdiction of the defendant, then its action in that respect was absolutely void and the garnishee was not only at liberty to have set up such fact in his answer, but is bound to do so for his own protection.  Hopkins v. Huff, 67 Mo. App. 394, 397; McCloon v. Beattie, 46 Mo. 391; Machinery Co. v. Watson, 57 Mo. App. 629; Fletcher v. Wear, 81 Mo. 524.  (2)  The garnishee's answer does not set up any such defense as he attempts to inject into this appeal for the first time.  It is sufficient if the jurisdiction of the justice appears from the entire record.  Sappington

v. Lenz, 53 Mo. App. 44.    (3)    There was no actual manual
seizure of property in this case but it was attached in the
possession of the garnishee in the manner and by the means
pointed out by the latter clause of subdivision 4 of section
388, Revised Statutes 1889.    Epstein v. Clothing Co., 67
Mo. App. 221, loc cit. 229; Machinery Co. v. Watson, 57 Mo.
App. 629, loc. cit. 633; Fletcher v. Wear, 81 Mo. 524.    (4)
This record does not show whether or not a judgment had
been rendered against the defendant, Richards, for the ob-
vious reason that no such issue is in the case.    That fact
was not set up or denied by the garnishee's answer and no
proof of same was required, hence none was made.    If that
was a fact and the garnishee desired to make such a defense
to the garnishment, he was not only at liberty to have set
up such fact in his answer, but is bound to do so for his own
protection.    McCloon v. Beattie, 46 Mo. App. 391; Machine
Co. v. Watson, 57 Mo. App. 629; Fletcher v. Wear, 81 Mo.
524; Hopkins v. Huff, 67 Mo. App. 397.

ELLISON, J.—Thomas Whittle was summoned as gar-
nishee of defendant Richards in a suit instituted by attach-
ment before a justice of the peace.    Richards was a nonresi-
dent of the county.    There was no property attached, the
only thing apparently in reach being a small stock of mer-
chandise in Whittle's possession but which plaintiff charged
to belong to defendant Richards.    Interrogatories were
filed and answered by Whittle in which he stated that he had
no money or property of defendant's in his possession or con-
trol.    Plaintiff denied the answer.    Afterwards, the case on
the garnishment came on for trial and on the motion of the
garnishee the justice dismissed the garnishment.    Plaintiff
appealed to the circuit court.

In the latter court the garnishee again moved to dismiss
the garnishment proceedings on the ground that the court

had not jurisdiction to try the case. The motion was over-ruled. On trial the garnishee demurred to the evidence for plaintiff which was overruled and there was a verdict and judgment against the garnishee.

A motion for new trial and in arrest of judgment was filed and overruled. The garnishee appealed. The motion in arrest assigned two grounds: First, "that the judgment on the face of the records is erroneous." And, second: "Because the court had no jurisdiction to try the cause."

It nowhere appears, either in the record of the justice of the peace or in that of the circuit court that any judgment was ever rendered against the defendant Richards. The law is settled by the statute and adjudications, as well as the statement of text writers, that before a judgment can be entered against a garnishee one must have been rendered against the principal defendant. R. S. 1889, sec. 5232; Miller v. Anderson, 19 Mo. App. 71; Drake on Attachment, sec. 460. A judgment against the principal defendant is the foundation upon which that against the garnishee must rest; and one prosecuting a garnishment should show that he has a valid judgment against the defendant before having one entered against the garnishee. The burden was on him and not the garnishee.

Though a garnishee would not be bound by a void proceeding against the principal debtor yet he must ordinarily protect himself in a proceeding of this character and that is what the present garnishee is now doing. If this was some proceeding after a final judgment against the garnishee in which he was attempting to avoid a judgment against him, then the suggestion made by plaintiff would find application. The view we take of this case is sustained by Mc-Cloon v. Beattie, 46 Mo. 391, and is not opposed by the other authorities cited by plaintiff.

The point is also made that garnishment will not lie

for the reason that the goods were in view of the constable
and should have been attached by a manual seizure. The
statute. declares that there must be an actual seizure where
the property is "accessible." But we decided at this term
that if the property is in the hands of a third person, claim-
ing it, it was not accessible in the sense of the statute.
Westheimer v. Giller.

Garnishee's demurrer to the evidence should have been
sustained. The judgment is reversed. *Smith, P. J.,* con-
curs; *Gill, J.,* absent.