## STATE OF MISSOURI, Respondent, v. W. H. HOBBS, Appellant.*

St. Louis Court of Appeals.    Opinion filed November 3, 1925.

1. **INTOXICATING LIQUORS:** Prosecuting Attorneys: Search Warrants: Petition Not Verified: Issuance Not Authorized. In view of section 25, p. 244, Laws 1923, where the petition of the prosecuting attorney for a warrant to search for intoxicating liquors was not verified, there was no basis in law for the issuance of the warrant.

2. **JUSTICES OF THE PEACE:** Inferior Courts: Jurisdiction: Limited and Statutory: No Intendment Allowed in Their Favor. Justices' courts are inferior tribunals, possessing limited and statutory jurisdiction only, and do not proceed according to the course of the common law, and therefore no intendment is allowed in their favor.

3. ————: Docket: Entries Required by Law to Be Made: May be Attacked Collaterally for Fraud, Accident or Mistake. An entry required by law to be made by a justice of the peace in his docket under section 2727, Revised Statutes 1919, may be attacked collaterally for fraud, accident, or mistake.

4. ————: ————: Records: Entries Not Required by Law to Be Kept: Impeachable. Records which a justice of the peace keeps, but is not required under section 2727, Revised Statutes 1919, to keep, may be impeached.

5. ————: Without Power to Make Nunc Pro Tunc Entries. A justice of the peace has no power to make a *nunc pro tunc* entry.

6. ————: Records: Evidence: Search Warrants: Recitals in Jurat Attached to Application: Impeachable. Where the jurat of a justice of the peace to the application of a prosecuting attorney for a search warrant was not attached by the justice until several days after search pursuant to the warrant, *held* it was proper to impeach the recitals of the jurat to the application for the search warrant by the oral testimony of the justice.

*Headnotes 1. Intoxicating Liquors, 33 C. J., Section 373; 2. Criminal Law, 16 C. J., Sections 179, 255; 3. Evidence, 22 C. J., Section 1390; 4. Evidence, 22 C. J., Section 1390; 5. Justices of the Peace, 35 C. J., Section 371 (Anno); 6. Evidence, 22 C. J., Section 1390.

Appeal from the Circuit Court of Marion County.—*Hon. V. L. Drain,* Special Judge.

REVERSED.

*H. Clay Heather, E. W. Nelson* and *Lewis O'Connor* for appellant.

(1) No search warrant shall issue to search any building except upon probable cause and upon a written application or petition of the proper official, duly verified, setting forth the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be. The warrant should follow the petition in describing the place to be searched and the thing or things to be seized. Laws of Mo. 1923, page 244; Sec. 11 of Art. 2, Court of Mo. (2) There was no application or petition filed with the justice of the peace for a search warrant to enter and search the building described in the search warrant, to-wit: "One story brick building occupied by William Hobbs—located in Block 62 of the city of Palmyra, Liberty Township, Marion county, Missouri, further said premises is on or about two hundred feet west of the rear of the premises of H. Clay Heather." The following being the description in the application for the search warrant, to-wit: "One story brick building located in city of Palmyra, Marion county, Missouri, in Block of city close to and near C. B. & Q. R. R. track and immediately west of said curve—and being on or about two hundred feet from the rear of the premises of H. Clay Heather." Clearly this latter description does not describe the premises mentioned in the first description. It follows that the search warrant was issued without any showing of probable cause to believe that intoxicating liquors were being manufactured, sold, etc., in the building described in the search warrant. Laws of Mo. 1923, page 244; Sec. 11 of Art. 2, Constitution of Mo.; State v. Owens, 259 S.

W. 100; State v. Lock, 259 S. W. 116; State v. Tunnell, 259 S. W. 128. (3) The application for the search warrant is wholly insufficient in law. 1. It was not verified and filed with the justice before the issuance of the warrant. 2. It does not describe the same property and premises described in the search warrant. 3. It does not describe the premises sought to be searched as nearly as may be. Laws of Mo. 1923, page 244; Thompson v. Atate, 130 N. E. 412. (3a) Instruction No. 1, for the plaintiff, given by court of its own motion, instructs that the jury may convict without finding a material fact which constitutes one of the ingredients of the crime as charged in the indictment and for which the defendant was tried. 12 Cyc. 614; Goldsberg v. State, 92 N. W. 906; State v. McCaskey, 104 Mo. 648. (4) The evidence obtained by the officers by reason of the search and offered in evidence by the State, over the objections of the defendant, was illegally obtained and violation of the Constitutional rights of the defendant, as guaranteed by sections 11 and 23 of article 2 of the Constitution of Missouri, and the defendant's motion to quash the search warrant and suppress evidence obtained thereby should have been sustained and defendant discharged, as the search warrant was issued and the search and seizure were without probable cause. Laws of Mo. 1923, page 244; State v. Owens, 259 S. W. 100; State v. Lock, 259 S. W. 116; State v. Tunnell, 259 S. W. 128. (5) The application and petition for the search warrant, on its face is merely prima-facie evidence that the prosecuting attorney, Roy Hamlin, made oath to such petition and application and is not conclusive evidence that such was done. Parole evidence may be introduced to show that Hamlin did not make affidavit thereto and that the justce's jurat affixed thereto is not true in fact. The court erred by rejecting defendant's profert of evidence to show that Hamlin did not make oath to the application for the search warrant. Albie v. Jones, 82 Ark. 414, 102 S. W. 222; Brand v. Swindler, 68 W. Va. 571, 70

S. W. 362; Squires v. Detwiler, 45 Colo. 366, 101 Pac.
342; Russell v. Holman, 156 Ala. 432, 47 So. 205; Kunkle
v. Johnson, 268 Ill. 442, 109 N. E. 279; People's Gas Co.
v. Fletcher, 81 Kas. 76-83; Duff v. Virginia Iron Co.,
136 Ky. 281, 124 S. W. 309; McGuire v. Wilson, 5 Neb.
Rep. 130, 99 N. W. 244; Chaffee v. Hawkins, 89 Wash.
130, 154 Pac. 143; Pierce v. Georger, 103 Mo. 543-544;
Barrett v. Davis, 104 Mo. 559; Steffin v. Bauer, 70 Mo.
400-401; Belo v. Mays, 79 Mo. 70-71; Mays v. Price, 95
Mo. 611; Commings v. Leedy, 114 Mo. 476-477; Mullins
v. Reiger, 169 Mo. 529-530; Davis v. Montgomery, 205
Mo. 271-281.

*Roy Hamlin,* Prosecuting Attorney, and *Ben Ely,
Jr.,* Assistant Prosecuting Attorney, for respondent.

(1)   Where application for a search warrant is filed
before a justice of the peace bears the signature of the
prosecuting attorney followed by a regular jurat signed
by the justice of the peace, and the warrant issued there-
upon states that the prosecuting attorney has filed his
sworn statement before the justice and that upon such
sworn statement and the evidence thereupon adduced the
justice has found probable cause, can the verity of such
record be impeached by parol evidence tending to show
that the prosecuting attorney did not actually swear to
the complaint and that the justice in issuing the warrant
did not read over the complaint or a supporting affidavit
of another party sworn to in his presence and filed with
the complaint?   (2)   Where a search warrant describes
the premises to be searched as a one-story brick house in
block — city of Palmyra (a town of 1,500 inhabitants,
said block being located at the very edge of the town and
about two hundred feet from the rear of the residence of
H. Clay Heather (a prominent attorney and former
State senator) is this sufficient?   (3)   Where a warrant
is based upon a complaint and a supporting affidavit of
a witness must the description in the warrant follow the

complaint exactly or can the justice take the description in the warrant from all the evidence before him, providing it is clear that the place he orders searched is the one mentioned in the complaint of the prosecuting attorney? (4) In a prosecution for possession of intoxicating liquor must the basic instruction of the court require the jury to find the liquor to have been potable and fit for beverage purposes when they were also required to find it to have been whiskey and all the evidence in the case was that it was whiskey, no request for a definition of intoxicating liquor having been made by defendant? (5) The trial court did not err in excluding parol evidence tending to impeach the certificate of the justice upon the application for the search warrant and the recitals of the warrant itself: (for) (a) The judicial record of a justice of the peace cannot be impeached by parol evidence. 5 Wigmore Evidence (2 Ed.), sec. 2450, p. 352 et seq; Collins v. Kaurmann (1893), 55 Mo. App. 465; Ewing v. Donnely (1885), 20 Mo. App. 6; Sappington v. Lewz (1893), 53 Mo. App. 44; Olin v. Zeigler (1891), 46 Mo. App. 193; Fisher v. Lane (1772), 2 Wm. Bk. 834; Boomer v. Lane (1833), 10 Wend. (N. Y.) 525. (b) There being no legal requirement of the entry of a minute of the proceeding, the papers mentioned constitute the record. 5 Wigmore Evidence (2 Ed. 1 ct. 24) sec. 2450, p. 352. (6) The description was sufficient since the sheriff by following it and making due inquiry could not make a mistake in identifying the place to be searched. U. S. v. Chin On (D. C. Mass. 1924), 297 Fed. 533. (a) This is particularly true since the warrant named the owner of the place and this in itself is sufficient description. State v. Goetz (Mo. App., 1924), 255 S. W. 345; Peo v. Lienarto (Mich., 1924), 196 N. W. 326; Bradley v. State (Miss., 1924), 98 So. 458; Mathews v. State (Miss., 1924), 100 So. 18; State v. Noble (W. Va., 1924), 123 S. E. 237; Ingram v. Com. (Ky., 1923), 254 S. W. 894. (7) Instruction number one was correct.

State v. Yayler, not yet reported; Hensley v. U. S. (1924),· 288 Fed. 370.

BENNICK, C.—Defendant was charged in an indictment filed in the circuit court of Marion county on November 24, 1923, with the unlawful possession of intoxicating liquor, and upon a trial of the case before a jury was found guilty and his punishment assessed at a fine of $200. Timely motions for new trial and in arrest of judgment were filed and overruled and an appeal was allowed to this court.

Prior to the trial of the case defendant filed a motion to suppress certain evidence alleged to have been obtained by unlawful search of his dwelling house. The basis for his motion was the allegation that the petition for the search warrant, although it purported verity on its face, had not in fact been sworn to by the prosecuting attorney until after the warrant itself was issued by the justice of the peace and the search thereunder made by the officers, and that the entry, search and seizure under such warrant were illegal as was also the use against defendant in the trial of the case of evidence so obtained.

Before the jury was called, evidence was heard on this motion and the following facts disclosed: W. S. Hayden, the justice of the peace by whom the warrant was issued, testified that on November 7, 1923, Mr. Gross, a deputy sheriff of Marion county, Mr. Scothorn, the foreman of the grand jury, and a gentleman unknown to the justice, called at his home, where he at the time was engaged in repairing the roof, at which time they presented him with the application for the search warrant and the warrant itself, both on prepared legal forms, requiring only the jurat of the justice to the application and his signature to the warrant. The justice did not read the application, but signed his name to the warrant, omitting, however, to attach his jurat to the application therefor, which purported to have been previously signed by Roy Hamlin, prosecuting attorney of Marion county.

On the same day defendant's home was searched by the officers in his absence and one-half pint of liquor found. A few days later, the search warrant and the application were returned to the justice's office, at which time he noticed that he had failed to affix his jurat to the prosecuting attorney's application upon the occasion of the issuance of the search warrant. Thereupon he made the correction, dating the jurat, however, November 7, 1923, as though the application had in fact been sworn to before him on that date. Although the State purported to object to the introduction of any evidence in contradiction of the record of the justice, nevertheless Hayden was cross-examined by the prosecuting attorney at some length as to whether or not his acknowledgment to the petition had been taken over the telephone, but the justice denied any knowledge of such fact.

At the close of all the evidence heard on the motion to suppress, the court overruled the motion on the theory that the verity of the records of the justice's court could not be impeached by parol evidence, to which action of the court defendant at the time objected and excepted.

For the reasons set up in his motion to suppress, defendant renewed his objection to the use of evidence obtained under the search warrant when offered against him in the State's case, and kept the point alive in his motion for a new trial. The adverse ruling of the court on the motion to suppress is assigned as error in this court.

Addressing ourselves, therefore, to a determination of the correctness of the court's ruling, we find that section 25, page 244, Laws 1923, under the authority of which the search warrant in the instant case was sought to be obtained, provides in respect to the issuance of such warrant as follows:

"The attorney general of the State of Missouri, or the prosecuting attorney of any county, . . . is hereby empowered to file in the circuit court . . . or any other court having criminal jurisdiction in the county,

or before the judge thereof in vacation, or justice of the peace, an application for a search warrant, which application shall be by petition setting forth substantially the facts upon which the same is based, . . . which petition shall be verified by the oath of the officer filing the same. If it shall appear to the satisfaction of the . . . justice of the peace before whom said petition shall be filed, either from the facts set forth in said petition, or from evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured, sold, stored or kept in any building, structure, or at any place described in said petition . . ., it shall be the duty of such court or such officer before which or whom said petition was filed, to issue or cause to be issued a search warrant thereon . . . ."

There can be no dispute that under the clear and unambiguous language of the statute the warrant for the search of defendant's home could have been legally issued only upon a petition stating probable cause therefor and verified by the oath of the prosecuting attorney. It is equally beyond dispute (if the evidence of the justice is to be admitted) that, at the time the search warrant in question was issued and defendant's home entered and his property seized thereunder, the prosecuting attorney's petition had not been verified and that consequently there was no basis in law for the issuance of the warrant. But the omissions in the application for the warrant were later supplied by the justice so that when the same was introduced in evidence upon the hearing on defendant's motion to suppress, the application purported regularity on its face and appeared to have been verified in compliance with the statute. The question for determination, therefore, is whether or not it was proper to impeach the recitals of the jurat to the application for the search warrant by the oral testimony of the justice. If such evidence was properly admitted,

the motion to suppress should clearly have been sustained; if not, the ruling of the trial court was correct.

The decision of this question necessarily hinges upon a consideration of the *status* in law of the records of whatsoever nature which may be kept by a justice of the peace. In arriving at our conclusion in this case we are mindful of the rule that justices' courts are inferior tribunals, possessing limited and statutory jurisdiction only, do not proceed according to the course of the common law and therefore no intendment is allowed in their favor. [Sutton v. Cole, 155 Mo. 206, 55 S. W. 1052; Powell v. St. Louis, I. M. & S. R. Co., 178 S. W. 212.]

Generally speaking, the records of a justice of the peace fall into two groups: Those that he is required by law to keep, and those as to which there is no such legal requirement.

Section 2727, Revised Statutes 1919, requires every justice of the peace to keep a docket, in which he shall make nine separate classes of entries required by said section. In construing this statute our courts have invariably held that when an entry required by law to be made by the justice in his docket is regularly entered therein, it imports verity and is the best and only competent evidence as to the fact covered by such entry. [Garnett v. Stacy, 17 Mo. 601; Sutton v. Cole, supra; Hedgewood v. Sheik, 233 S. W. 58; Tyree v. Navrau, 215 Mo. App. 630, 258 S. W. 717; Illinois Glass Company v. Ingraham, 215 Mo. App. 13, 264 S. W. 43.]

However, it has lately been held that even an entry required by law to be made in the docket may be attacked collaterally for fraud, accident or mistake. [Tyree v. Navrau and Hedgewood v. Sheik, supra.] But the protection extended to the records of a justice of the peace under the law of evidence applies only to those entries required by law to be made in his docket and the records which he does keep but is not required to keep may be impeached. [Brown v. Pearson, 8 Mo. 159; Ruby v. Hannibal & St. J. R. Co., 39 Mo. 480; Carpenter v.

Roth, 192 Mo. 658, 91 S. W. 540; Heman v. Larkin, 99 Mo. App. 294, 73 S. W. 218; Missouri Granitoid Company v. Morschel, 150 Mo. App. 650, 131 S. W. 470; Fabien v. Grabow, 134 Mo. App. 193, 114 S. W. 80; Powell v. St. Louis, I. M. & S. R. Co., supra.]

The State in its brief in this case admits that there was no legal requirement of the entry by the justice of a minute of the proceedings attending the issuance of the search warrant in question, but contends that the application for the search warrant and the warrant itself constituted the only records of the justice and that, since the application affirmatively showed that the petition was verified before the justice on November 7, 1923, such record should no more have been the subject of collateral attack than entries required by law to be made in the docket. But the rule of evidence invoked by the State has never been held to apply to the record of any acts of a justice of the peace save those of a judicial nature and in cases commenced before him in which the defendant was a party with the right to appear and make his defense. It is true that, inasmuch as the justice of the peace was required to determine probable cause for the issuance of the search warrant, he performed a judicial act, but of this there is no record unless we are to say that the issuance of the search warrant itself necessarily presupposed such finding. Certainly the act of the justice in attaching his jurat to the application for the search warrant at a time when there was no action pending in his court (nor in any other court) against defendant and when from the very nature of the proceedings defendant could not have been present to have invoked his legal rights was not such an act as contemplated by the cases prohibiting the impeachment in a collateral proceeding by parol evidence of docket entries required by law to be kept. Furthermore, in so far as the jurat to the petition might be considered a record of a judicial proceeding, it was improperly entered, for the reason that a justice of the peace has no power to make *nunc*

*pro tunc* entries. [Norton v. Porter, 63 Mo. 345; Smith v. Chapman, 71 Mo. 217; Tyree v. Navrau, supra.] Accordingly we are constrained to hold that the court committed error materially affecting defendant's rights in overruling his motion to suppress and in permitting the use against him of evidence obtained by an illegal search of his home.

What we have said precludes a discussion of other points raised by defendant. Inasmuch as the record in this case discloses no evidence in the possession of the State which could be used against defendant, save that which we hold should have been suppressed, there is no necessity for remanding this case for another trial. Accordingly the Commissioner recommends that the judgment of the circuit court be reversed and the defendant discharged.

PER CURIAM :—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the defendant discharged. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.