MOTOR ACCEPTANCE, INC., APPELLANT, v. ALPIN A. PHILLIPS, RESPONDENT.*—5 S. W. (2d) 681.

St. Louis Court of Appeals.   Opinion filed May 1, 1928.

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 966, n. 32; 4CJ, p. 735, n. 27; Justices of the Peace, 35CJ, p. 715, n. 96, 98.

*Jones, Hocker, Sullivan & Angert* for appellant.

*John T. Manning* and *Roland Van Hoefen* for respondent.

NIPPER, J.—This is an action in replevin, and originated before a justice of the peace in the city of St. Louis. The suit was brought by plaintiff, who is appellant here, against defendant, to recover an automobile.

The abstract of the record recites that on the 20th of October, 1926, the case was tried before a jury and a verdict was returned for the defendant for possession, and the value of the property was fixed at $453. From this judgment plaintiff appealed, or attempted to appeal, to the circuit court. The abstract recites that this appeal was taken on the 22nd of October, 1926, or two days after the trial of said cause in the justice court. When the case came up for trial in the circuit court, the defendant filed a motion to dismiss the appeal on the ground that the court had no jurisdiction for the reason that the judgment was rendered on the 20th day of October, 1926, and that no appeal was in fact taken until the 10th of November, 1926, and that said appeal was not allowed by said justice until the 10th day of November; that the justice of the peace fraudulently dated said appeal as having been allowed by him on the 22nd day of October, 1926, when in truth and in fact, said appeal was not filed with said justice, nor was said appeal allowed until the 10th day of November, 1926. It appears, that the court heard evidence on this question offered by both parties, and after hearing such testimony, dismissed plaintiff's appeal. From this action of the trial court plaintiff brings the case here on appeal, and files its purported bill of exceptions.

The defendant raises the point here that no motion for a new trial having been filed in the lower court, there is nothing here for review except the record proper, and therefore the judgment should be affirmed.

The appellant makes the point that the judgment entries of the justice of the peace are a part of the record proper, and inasmuch as this record of the justice of the peace shows that the appeal was taken within time, that such judgment imports verity and cannot be collaterally attacked by such a motion as defendant files. It is also insisted that the motion to dismiss is a part of the record proper and that it is not necessary to file any motion for a new trial to have the court's action reviewed.

As a general proposition, of course, when an entry which is required by law to be made in the justice's docket is regularly entered, it imports verity and is the only evidence as to the fact covered by such entry, and such entry cannot be collaterally attacked except for fraud, accident or mistake. [State v. Hobbs, 218 Mo. App. 448, 279 S. W. 200; Tyree v. Midwest Envelope Co., 215 Mo. App. 630, 258 S. W. 717.] But in this case, the defendant in his motion to dismiss the appeal charges that the entry, made by the justice, showing the appeal as being taken two days after the trial was had and judgment rendered, was fraudulently entered by said justice, and, therefore, this case comes within the exception to the general rule above stated. By section 2727, Revised Statutes of Missouri, 1919, the justice is required to make an entry in his docket the fact of an appeal having been made and allowed, and when made and allowed.

We are of the opinion that under the particular facts of this case, as revealed by the record here, the court had a right to hear testimony and determine whether or not fraud had been perpetrated as alleged in the motion. The motion to dismiss is not based upon the theory that the circuit court had no jurisdiction upon the face of the record. The motion sought to raise the charge of fraud in raising a question of fact only, which fact, if true, must be found *de hors* the record, requiring evidence to establish it. Such motion cannot be treated as a demurrer, because its disposition was not to be made as a matter of law, but depended solely upon facts. Therefore, it would be necessary to preserve the court's ruling upon the questions raised by the testimony by a motion for a new trial. [State ex rel. v. Ellison, 266 Mo. 423, 181 S. W. 998.]

We must presume in the absence of the testimony that it supported the finding and judgment of the trial court. The judgment of the circuit court is accordingly affirmed. *Daues, P. J.,* and *Becker, J.,* concur.