HARRY C. WATT; APPELLANT, v. COMMUNITY STATE BANK OF KANSAS CITY, GARNISHEE, RESPONDENT.—183 S. W. (2d) 338.

Kansas City Court of Appeals. November 6, 1944.

430

*R. H. Musser* for appellant.

*D. H. Bresler* and *White & Hall* for respondent.

DEW, J.—This appeal is from a judgment in the Circuit Court of Clinton County, Missouri, sustaining a motion of the respondent, garnishee, to quash a garnishment and summons on the garnishee on the ground that the Justice of the Peace, who rendered the judgment on which the garnishment was founded, did not have jurisdiction over the defendant in the cause.

The facts shown by the record in this appeal are that on March 19, 1938, Harry C. Watt filed a suit in a Justice of the Peace Court in Plattsburg, Missouri, against the Western States Automobile Club, a corporation, for $250, to cover damages and liability alleged to have been sustained by him in an automobile collision, for which he claimed the defendant was liable under an indemnity contract existing between him and defendant. The Justice of the Peace issued summons in the case to the sheriff of Jackson County, Missouri, requiring appearance of defendant on March 24, 1938. The return of that sheriff purports to show service of the summons on defendant in Jackson County on March 15 1938, by leaving a copy of same with a copy of the petition at the business office of the defendant, with the office manager in charge of said business office.

Thereafter defendant, Western States Automobile Club, filed in the court of said Justice of the Peace a "Plea to the Jurisdiction", wherein it entered its special and limited appearance for the sole purpose of objecting to the jurisdiction of the court over the defendant, alleging its corporate form, location of its principal place of business to be in Kansas City, Jackson County, Missouri, and not in Clinton County, wherein said action was brought; that defendant was not found nor served with process in Clinton County, but only in Jackson County and prayed "judgment if the court here will take cognizance of said action". This plea to the jurisdiction was plainly marked "filed March 24, 1938—W. T. Harbison, Justice of the Peace".

The transcript of the judgment of the Justice of the Peace in the case recites as follows:

432

## "TRANSCRIPT OF JUDGMENT—J. P.

"State of Missouri, County of Clinton

"Before W. T. Harbison, Esq., Justice of the Peace of Concord Township Harry C. Watt plaintiff Western States Automobile Club defendant

### "Suit Upon Contract

"Complaint of Plaintiff filed by R. H. Musser, Attorney On the 10th day of March, 1938, issued a writ of summons against the defendant returnable on the 24th day of March, 1938, at 10 o'clock A. M. and delivered the same to James L. Williams, Sheriff of Jackson County, State of Missouri.

"On the 24th day of March, 1938, the said Writ having been returned duly served on Defendant as follows:

"By delivering a Copy of the Writ and Petition to C. G. Roden Office Manager of the Defendant Corporation, March 15, 1938, and this cause coming on to be heard by agreement this cause is continued until April 19, 1938. The Defendant files Plea to Jurisdiction April 19, 1938. Come again the Plaintiff and Defendant by their respective attorneys and the Plea to Jurisdiction heretofore filed herein on the part of the Defendant is taken up and considered by the Justice and overruled. Defendant excepts.

"And now this cause coming on to be tried and determined comes again the Plaintiff in person and by attorney but the Defendant comes not but makes default. And all and singular the matters herein being submitted to the Justice, a jury being waived and the Justice having seen and heard the complaint and the evidence in support thereof find the issues hereof for the Plaintiff.

"It is Therefore ordered and adjudged by the Justice that the Plaintiff have and Recover of the Defendant the sum of Two Hundred Fifty and No/100 Dollars for his damages, together with his costs herein expended and that he have execution therefor.

"Filed May 20-1938

"John W. Porter,
"Clerk Circuit Court".

No appeal was taken from the above judgment and later a transcript of the same was filed in the Circuit Court of Clinton County, Missouri. Thereafter, a transcript execution was issued to the sheriff of Jackson County, Missouri, with summons in garnishment to be served on the Community State Bank, respondent herein, as garnishee. After such service, the respondent filed in the Circuit Court of Clinton County, Missouri, its "Motion to Quash Purported Garnishment and Summons to Garnishee".

In its said motion to quash, respondent alleged its corporate form; the location of its principal office in Kansas City, Missouri; that it never had an office, agent, or place of business in Clinton County,

Missouri; that defendant Western States Automobile Club was a corporation, with its principal place of business in Kansas City, Jackson County, and in St. Louis, Missouri; that it had never had an office or place of business in Clinton County, and at no time had any agent, employer or officers in Clinton County, upon whom process in said cause was served. It alleged that said Justice of the Peace had no jurisdiction to issue process for service outside of Clinton County, Missouri, and any attempt so to do was void, and any writs therein so served are void; that the judgment on which said garnishment was issued was void, based on service of summons on defendant in Jackson County, Missouri, whereby said Justice of the Peace obtained no jurisdiction over the defendant to render said judgment against defendant; and the court was prayed to quash and hold for naught the purported summons to said garnishee and the service thereof.

Respondent's motion was sustained by the Circuit Court of Clinton County, Missouri, the garnishment quashed, the summons on the garnishee held void, and the garnishee discharged.

Appellant contends that the defense by the garnishee to the want of jurisdiction of the Justice of the Peace over the Western States Automobile Club was a collateral attack on the judgment and not permitted under the law. Such rule is not applicable to the garnishee in this proceeding. The law does not intend that a garnishee must pay into court money and effects of the judgment defendant without regard to whether or not the judgment was void for lack of jurisdiction. It is his duty and right, for his protection and that of the defendant, to inquire into the matter of jurisdiction over the person and subject-matter in the original proceeding. Appellant's citations on this point are not applicable here. The law is stated in Row v. Cape Girardeau Foundry Co., 141 S. W. (2d) 113, l. c. 117:

"As regards the point concerning the validity of the principal judgment, it is undoubtedly the garnishee's right and duty to inquire in self-protection, as it does; into the legality of the proceeding which culminated in the entry of such judgment. This for the reason that if the court, in rendering the principal judgment, attempted to exercise jurisdiction over the action without any legal foundation therefor, then the entire proceeding was void and of no effect, and no property or credits of the defendant in that proceeding could be legally vested through the medium of holding the garnishee to answer in this proceeding in aid of an execution issued upon such judgment. [Potter v. Whitten, 161 Mo. App. 118, 142 S. W. 453.]"

This court, in McPike Drug Company v. Wilson, 237 S. W. 1044, 1045, held likewise, and in so doing, quoted with approval Hopkins v. Huff, 67 Mo. App. 394, 396, as follows:

"'It is the well-settled law here and elsewhere that, where a judgment has been obtained against a garnishee's creditor which is void for want of jurisdiction in the tribunal rendering it, the garnishee

is not only at liberty to set up such fact in his answer, but is bound to set it up for his own protection. [McCloon v. Beattie, 46 Mo. 391; Johnson Machinery Co. v. Watson, 57 Mo. App. 629; Fletcher v. Wear, 81 Mo. 524.]'"

We hold that the garnishee herein had a right by its motion to quash, filed before the Justice of the Peace, to raise the question of jurisdiction over the defendant against whom the judgment had been rendered.

Appellant further contends that the record of the Justice of the Peace shows that the defendant Western States Automobile Club joined in an agreement to continue the cause, and, in fact, did so after having filed its plea to the jurisdiction. This, appellant claims, constituted an entry of appearance by the defendant Western States Automobile Club for all purposes, and waived its objections to the jurisdiction over the person. It will be noted that the transcript of the Justice of the Peace states, as of March 24, 1938, that:

". . . the said Writ having been returned duly served on Defendant as follows: By delivering a Copy of the Writ and Petition to C. G. Roden Office Manager of the Defendant Corporation, March 15, 1938, and this cause coming on to be heard by agreement this cause is continued until April 19, 1938. The Defendant files Plea to Jurisdiction April 19, 1938."

The entry then recites the overruling of the plea and that judgment was thereupon rendered by default for the plaintiff.

Respondent argues that the record plainly shows the filing mark of the defendant's plea to the jurisdiction to be March 24, 1938. It is true that the plea to the jurisdiction bears that filing date, followed by the signature of the Justice of the Peace. Respondent argues further that the defendant took no further steps in the case and that the judgment thereafter rendered is void for want of jurisdiction over the said defendant. Opposed to this contention, is the said record entry of the Justice of the Peace.

Whether or not the defendant Western States Automobile Club filed its plea to the jurisdiction on March 24, 1938, or on April 19, 1938, or before or after the cause was continued, the fact remains that if it be true that the defendant at any time entered into an agreement for a continuance of the cause generally, it thereby entered its appearance as to the merits and waived jurisdiction over the person.

In Baisley v. Baisley, 113 Mo. 544, l. c. 551, the court held that when a cause was continued "by agreement of plaintiff and defendant to the next term of court", such was tantamount to a general appearance by the defendant in the case. In the instant case no other meaning can be attributed to the words: "By agreement this cause is continued to April 19, 1938", than that the parties plaintiff and defendant entered into that agreement.

The question remains: Is the statement in the transcript of the Justice of the Peace showing continuance by agreement conclusive in the present proceeding? Certainly either the entry of the Justice was incorrect as to the date of filing the defendant's plea to the jurisdiction, or his notation on that pleading itself of the date of its filing. If that were decisive of this case, the actual filing mark might prevail under authority of Nickey v. American Hardwood Lumber Company, 75 Mo. App. 54. But, nevertheless, the court's entry also recites that the cause was continued by agreement. There is no other record or evidence in the case to the contrary.

Whether or not an entry made by the Justice of the Peace imports verity depends on whether or not it is an entry required by law. If so, it cannot be collaterally attacked, except for fraud, mistake, or accident. In Motor Acceptance, Inc., v. Phillips, 222 Mo. App. 389, 5 S. W. (2d) 681, the rule is thus stated, l. c. 392:

"As a general proposition, of course, when an entry which is required by law to be made in the justice's docket is regularly entered, it imports verity and is the only evidence as to the fact covered by such entry, and such entry cannot be collaterally attacked except for fraud, accident, or mistake. [State v. Hobbs, 218 Mo. App. 448, 279 S. W. 200; Tyree v. Midwest Envelope Co., 215 Mo. App. 630, 258 S. W. 717.]"

Section 2563, Revised Statutes of Missouri, 1939, requires a Justice of the Peace to keep a docket, in which he shall enter, among other things, "Fifth, every adjournment, stating at whose request and at what time". Thus the entry in question was one which the law required the Justice of the Peace to enter and it imports its own verity. If this entry was incorrect, neither defendant nor respondent availed itself of its remedies to have the same corrected, and, for the purpose of this appeal, the entry must stand as made.

It is not our province to determine if in truth the defendant did or did not join in an agreement of continuance as stated in the court's entry. In the state of the record we must assume that it did. So doing, it thereby entered its general appearance and waived objections to want of jurisdiction of the court over the defendant. It follows that the judgment against defendant thereafter was not void for want of jurisdiction over the person of defendant; that the process thereafter issued out of the Circuit Court, following transcript filed therein and in the present garnishment proceedings, was valid.

The judgment of the Circuit Court of Clinton County sustaining respondent's motion to quash the garnishment and summons to the garnishee should be reversed and the cause remanded to that court for further steps in said garnishment proceedings.

It is so ordered. All concur.