JOY F. MESSICK, Appellant, v. J. REED GRAINGER.—No. 40225.—205 S. W. (2d) 739.

Division One, November 10, 1947.

*Herman Pufahl* and *Neale, Newman, Neale, Freeman & Wampler* for appellant.

1228

*W. W. Sunderwirth, J. W. Collins* and *Bradshaw & Fields* for respondent.

██ BRADLEY, C.—Appellant, as contestant, on November, 23, 1946, filed in the office of the clerk of the circuit court of Cedar County notice of contest, the purport of which was to contest the election of respondent to the office of collector of Cedar County at the general election November 5, 1946. The cause reached the circuit court of Polk County, where respondent's motion to dismiss the proceeding was sustained; the proceeding dismissed and contestant appealed.

At the general election, November 5, 1946, in Cedar County, contestant was the ██ Democratic nominee for collector and contestee was the Republican nominee. It is alleged in the notice of contest. that the official count gave contestee a majority of 10 votes and he was commissioned. It appears from the notice of contest that contestant challenged 54 absentee ballots and one other counted for contestant. Also, other charges are made. The notice of contest recited that at 9 A. M., on November 29, 1946, or as soon thereafter as the court would hear the same, the matters contained in the notice. of contest would be presented to the court, and it was recited that at the same time contestant would ask the court to make an order for a recount of the ballots for collector. Application for a recount of the ballots was filed along with the notice of contest.

The notice of contest was served on contestee by contestant himself, on same day filed, by delivering to contestee a copy of the notice. On the same day the sheriff of Cedar County served upon contestee copy of the application for a recount of the ballots.

November 30, 1946, contestee filed in the circuit court of Cedar County his motion to dismiss, the meat of which motion follows: "Comes now F. Reed Grainger, hereinabove designated contestee, and appearing specially for the purpose of this motion only and for no other purpose, respectfully prays the court to dismiss this proceeding; and as grounds therefor the contestee states that no official process server of this court or other bonded officer has ever at any time served upon said contestee, F. Reed Grainger, any notice of contest of the contestee's election to the office of county collector of Cedar County, Missouri; that, in fact, the only information the contestee has of the pendency of this action is a so-called 'notice of contest' delivered on November 23, 1946, to the contestee by a private person, to wit, Joy F. Messick, the contestant herein; that the action of the said contestant in delivering said notice to the contestee did not constitute service of the statutory notice of contest required for summons and as a prerequisite to this court's jurisdiction in a contested election proceeding involving a county office."

Thereafter and on the same day that contestee filed motion to dismiss, Judge O. O. Brown, judge of the circuit court of Cedar County, on his own motion, disqualified himself to sit in the cause. The disqualifying order recites that "the contestee, not appearing and

consenting to any other judge to sit on the trial of said cause, or a special judge agreed upon or elected in the manner provided by law, the judge himself does award a change of venue without any application from either party, as provided by section 1059, revised statutes 1939. And said cause is transferred to Judge Charles H. Jackson, circuit judge at Bolivar, Polk County, Missouri, upon the original rolls in said cause.''

December 6, 1946, the parties appeared in the circuit court of Polk County, contestee limiting appearance to the presentation of his motion. As stated, the motion was sustained and the proceeding dismissed. The order and judgment sustaining the motion follows:

''The court having examined the motion and heard the evidence and argument of counsel, does find: That the notice of contest in this case was not served by an officer, but was served by the contestant himself by delivering the notice to the contestee in person on the 23rd day of November, 1946, and that there has been no service of notice of contest in this case at any time by an official process server or bonded officer, and that the only notice served by the sheriff of Cedar County was the application asking for a recount of the ballots.

''Therefore, the court finds that this court is without jurisdiction to hear this proceeding, because no notice of contest has been served by an officer upon the contestee, as required by statute, and the contestee has entered no general appearance in this proceeding or agreed to the manner of service employed.

''The court does, therefore, order, adjudge and decree that the said motion to dismiss be, and the same is hereby sustained, and this proceeding ordered dismissed because of the lack of jurisdiction of this court over the person of the contestee; and that the costs of this proceeding be taxed against the contestant.''

The law governing an election contest of the kind here is a new act effective July 3, 1946. See Laws 1945, pp. 887-894. The new act or article, is in lieu of article 8, chapter 76, R. S. 1939, Secs. 11632-11675. Sec. 2 of the new article, among other things, provides that no election of any county officer ''shall be contested unless notice of such contest be given to the opposite party within twenty days after the votes shall have been officially counted. The notice shall specify the grounds upon which the contestant intends to rely, and if any objection be made to the qualifications of any voters, the names of such voters and the objections shall be stated therein. The notice shall be served fifteen days before the term of court at which the election shall be contested, by delivering a copy thereof to the contestee, or by leaving such copy at his usual place of abode with some member of his family over the age of fifteen years; or, if neither such contestee nor his family can be found in the county, and service therefore cannot be had as aforesaid, it shall be sufficient

service of such notice for the contestant to post a copy thereof in the office of the clerk of the court wherein the contest is to be heard."

On the subject of notice and service thereof, Sec. 2 of the new article is practically the same as old Sec. 11632. The notice of contest under Sec. 2 takes the place of a petition in the ordinary cause and the service of the notice upon the contestee fills the office of a summons in the ordinary cause. See State ex rel. Woodson v. Robinson (banc), 270 Mo. 212, 192 S. W. 1001, l. c. 1003; Hale v. Stimson (banc), 198 Mo. 134, l. c. 145, 95 S. W. 885; State ex rel. Wells v. Hough (banc), 193 Mo. 615, 91 S. W. 905; State ex rel. Penrose v. Killoren, 354 Mo. 22, 188 S. W. (2d) 1. The Robinson case, on the subject of jurisdiction of the subject matter, was overruled in State ex rel. Newell v. Cave, 272 Mo. 653, l. c. 662, 199 S. W. 1014, but it was not overruled on any point for which it is cited here.

State ex rel. Woodson v. Robinson, supra, was in prohibition to prohibit a circuit judge of Jackson County from proceeding with the trial in an election contest for the office of county judge of Jackson County. The notice of contest there, as here, was served by an individual. In that case the principal question was: Can a contestant, in person or through some other private person, lawfully serve such notice? The question was answered in the negative, and it was held that such service did not confer upon the court jurisdiction of the person of the contestee.

The article on the subject of election contests is a code unto itself, State ex rel. Brown v. Stewart, 313 Mo. 1, 281 S. W. 768, l. c. 770, and cases there cited, and such being so contestant says that the general code of civil procedure has no application. While it is true that the article on election contests is a code unto itself, nevertheless, as appears, supra, the notice of contest and the service thereof take the place of the petition and summons in the ordinary case, and the general code of civil procedure requires service of summons to be by the sheriff or a person specially appointed. Sec. 24, Laws 1943, p. 365. Contestant argues that since Sec. 2 of the new article does not specifically require that service of the notice of contest be made by the sheriff, or other officer, and that taking such into account in considering the new article as a whole, it cannot be said that the legislature intended that the service of notice of contest be by the sheriff or other officer. It is true that Sec. 2 does not specifically require that the service of the notice of contest be by the sheriff or other officer, yet since the service of the notice takes the place of the summons in the ordinary cause, and since the service of the summons in the ordinary cause must be by the sheriff or some person specifically appointed, it follows, reasoning by analogy, that the notice of contest under Sec. 2 of the new article should be likewise served.

1232

█ Sec. 2 of the new article, so far as concerns the notice of contest and service thereof, is the same as old Sec. 11632, and since the construction of Sec. 11632 was, at the time of the enactment of the new article, that the notice of contest could not be lawfully served by an individual, the presumption obtains that the legislature, in adopting Sec. 2, intended to adopt the construction theretofore given. See State ex inf. Gentry v. Meeker, 317 Mo. 719, 296 S. W. 411; State ex rel. Steed v. Nolte, 345 Mo. 1103, 138 S. W. (2d) 1016.

We are constrained to rule that service of the notice of contest in this cause was not sufficient to give the court jurisdiction over the person of the contestee.

█ But contestant says that contestee consented to a continuance and thereby entered his appearance generally. In the brief he says: "The contestee, by agreeing to continue the case from November 29, 1946, to November 30, 1946, entered his general appearance and waived any right that he might have had to object to the service of the notice of contest or the fact that the notice was served by the contestant personally instead of by an officer." It is true that if contestee *agreed* to a continuance he thereby entered his appearance generally. Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29; Watt v. Community State Bank, 238 Mo. App. 429, 183 S. W. (2d) 338.

It appears, supra, that the notice of contest recited that contestant would, at 9 A. M., on November 29, 1946, or as soon thereafter as the court would hear the same, present to the court the matters contained in the notice of contest and would at the same time ask the court to make an order for a recount of the ballots for collector. In what is termed "Appellant's Transcript of the Record" it is stated: "No appearance was made on November 29th, 1946, for the reason that the attorneys for contestee and contestant had on November 28th, orally agreed among themselves over the telephone that this case should not be called up until November 30th, 1946."

What is termed "Appellant's Transcript of the Record" was filed here May 19, 1947, and shows that it was *approved* by the trial judge, and by counsel for both sides. Bradshaw & Fields are shown as approving for contestee, but it developed that Bradshaw & Fields had not approved. After that development the trial judge filed in the cause an "explanation" reciting, among other things, that his approval of transcripts of the record is routine when it appeared that both sides had approved. Also, the trial court ordered that "a corrected full transcript of the record" be prepared in duplicate. Such was done and the corrected full transcript was filed here August 14, 1947. Nothing appears in the corrected transcript about the cause being passed or continued from November 29th to November 30th. The passing or continuance may have been by agreement of counsel, but there is no record of such except in the

abandoned transcript. Also, it appears that contestant did not at any time while the matter was pending in the trial court make the point that the contestee had entered his appearance generally by consenting to the passing or continuance of the cause. Neither did contestant mention such in his motion for a new trial, or seek to make proof of such at the hearing on the motion for a new trial.

The judgment should be affirmed and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.